260 So.2d 585

**In re Cassie Belle MOORE**

**v.**

**Walker Beck LeFLORE.**

**Ex parte STATE of Alabama ex rel.**

**Cassie Belle MOORE.**

**1 Div. 713.**

Supreme Court of Alabama.

April 6, 1972.

Charles R. Butler, Jr., Dist. Atty., Mobile County and Reynolds & Lauten, Mobile, for petitioner.

J. D. Quinlivan, Jr., Mobile, for respondent.

MADDOX, Justice.

This is a petition for mandamus against the Honorable James T. Strickland, as ex officio Judge of the Juvenile Division of the Circuit Court of Mobile County, seeking to compel Judge Strickland to issue execution on a judgment in a legitimation proceeding, wherein Walker Beck LeFlore was adjudged to be the father of two children born to Cassie Belle Moore. LeFlore was ordered to pay all medical expenses in connection with the birth of the children and $60 per week support, plus arrearage.

This case originated by complaint of Cassie Belle Moore filed in the Juvenile Court of Mobile County, charging that LeFlore was the father of twin children born of Cassie Belle Moore.

The case came on for hearing before the Court, but upon motion, was dismissed because the original complaint was legally insufficient. A new complaint was filed and LeFlore filed responsive pleadings. Subse-

quently, LeFlore took the case to the Circuit Court of Mobile County on a petition for certiorari. The Circuit Court denied certiorari and directed the Juvenile Court to continue with the paternity proceedings. By agreement, the same testimony taken in the first hearing (which was dismissed) was received in evidence. On June 30, 1970, the court found that LeFlore was the father of the twins. Oral notice of appeal was given by LeFlore and no specific amount of support was ordered pending the appeal. Written notice of appeal and a demand for jury trial was filed by LeFlore, but both notices of appeal were filed in the Juvenile Court. No written notice of appeal was filed in the Circuit Court, as required by law.[1]

The State, on the relation of Cassie Belle Moore, petitioned the Circuit Court of Mobile County, in July 1970, for mandamus, to order the Judge of the Juvenile Court to direct and require LeFlore to make periodic support payments for the children pending the appeal. The petition was ultimately granted. The State also filed a motion to dismiss the appeal to the Circuit Court on the grounds that it was not taken as prescribed by law in that no written notice of appeal was filed in the Circuit Court, as required by law.

On September 15, 1970, Judge Strickland, to whom the mandamus was issued out of the Circuit Court, ordered LeFlore to pay $60 per week into court for the support of the two children, and to pay $609 in arrearage to bring the weekly payments up to date from July 14, 1970 through September 24, 1970.

On October 12, 1970, the State filed a motion in the Juvenile Court asking the court to issue execution on the judgment rendered by the Juvenile Court on June 30, 1970, as supplemented by the order of September 15, 1970, pursuant to the order of the Circuit Court on the mandamus petition.

The Juvenile Court denied the motion for execution without giving any reasons for the denial on November 12, 1970.

The Circuit Court, on January 27, 1971, dismissed LeFlore's appeal as not being timely filed.[2]

On March 24, 1971, the Juvenile Court found LeFlore had never made a payment as ordered on June 30, 1970, and supplemented on September 15, 1970. The Juvenile Court found LeFlore had failed to pay $3,399.35, the accrued arrearage, and ordered him to pay by 5 o'clock p. m. of March 25, 1971 or be sentenced to hard labor in the Mobile County jail. The Juvenile Court set aside the March 24, 1971 order and passed the case pending a determination of an appeal to the Court of Criminal Appeals of the order of the Circuit Court of March 24, 1971.[3]

---

1. In LeFlore v. State ex rel. Cassie Belle Moore, 1 Div. 714 [MS], 288 Ala. 310, 260 So.2d 581 (decided April 6, 1972), this Court has held that the appeal was not taken in accordance with the provisions of the so-called deGraffenried Act, Act No. 295, Acts, 1961, p. 2353, carried in Title 27, §§ 12(1)–12(9), Code, 1940, Recompiled, 1958.

2. Apparently, the Court was referring to the appeal from the June 30, 1970 order of the Juvenile Court. In any event, this Court has affirmed the trial court's order of dismissal as being proper in LeFlore v. State ex rel. Cassie Belle Moore, 1 Div. 714 [MS], 288 Ala. 310, 260 So.2d 581 (decided April 6, 1972).

3. The Circuit Court of Mobile County, on March 24, 1971, denied LeFlore's motion for modification of the Circuit Court order of January 27, 1971. The appeal to the Court of Criminal Appeals was transferred to the Court of Civil Appeals, which transferred the appeal to this Court, and the judgment of the Circuit Court was affirmed. LeFlore v. State ex rel. Cassie Belle Moore, 1 Div. 714 [MS], 288 Ala. 310, 260 So.2d 581 (decided April 6, 1972). We do not decide whether the Court of Civil Appeals has jurisdiction, but since Section 7 of the deGraffenried Act (Title 27, § 12(7), Code, 1940, Recomp., 1958) vests this Court with appellate jurisdiction, we assume such jurisdiction. Future legislation could clarify this problem.

Since no supersedeas bond was filed in connection with the appeal, this mandamus petition was filed to direct the Juvenile Court to execute upon the judgments. The State first filed a mandamus petition against Judge Strickland in the Circuit Court, but apparently since Judge Strickland is now a Circuit Judge, and ex officio Judge of the Juvenile Court of Mobile County, the Circuit Court determined it was without jurisdiction to superintend a fellow Circuit Judge. See Act No. 1191, Acts of Alabama, 1969.

This petition for mandamus was then filed in the Court of Criminal Appeals which determined it was without jurisdiction and the cause was transferred to the Court of Civil Appeals, which opined it was without jurisdiction and transferred the appeal to this Court.[4]

The sole question presented by this petition is: Did the appeal to this Court supersede the judgment of the Juvenile Court of June 30, 1970, supplemented by judgments of September 15, 1970 and March 24, 1971, ordering LeFlore to make support payments for the children?

We think not. Section 4 of the deGraffenried Act (Title 27, § 12(4), Code, 1940, Recomp., 1958) provides that once a man is adjudged to be the father of a child, he is subject to all obligations for the care, maintenance, and education of such child.

LeFlore cites this Court's case of Ex parte Newsome, 212 Ala. 168, 102 So. 216 (1924), as authority for the proposition that a reputed father cannot be forced to make support payments to an illegitimate child, pending appeal. *Newsome* is easily distinguishable. As a matter of fact, *Newsome* inferentially says that under present law (Title 34, § 89, Code, 1940) the word "parent" means the father of a child or children, though born out of lawful wedlock. *Newsome* arose before the predecessor section of Title 34, § 89 (Section 4479 of the 1923 Code) went into effect. Furthermore, Section 4 of the deGraffenried Act is clear that once a man is adjudged to be the father of a child, he is subject to all obligations for the care, maintenance, and education of the child.

The judgment entered by the Juvenile Court was one for the payment of money and what was said inferentially in *Newsome* seems applicable here. The person who has been adjudged the father of a child cannot deprive the child of his right to support merely by taking an appeal.

The common law rule that an appeal superseded a judgment in and of itself has been changed by statute to the extent that an appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond. See §§ 793, 794, 795, Title 7, Code, 1940. Ex parte Dekle, 278 Ala. 307, 178 So.2d 85 (1965).

One of the purposes of the deGraffenried Act was to make provision for children born out of wedlock. Under separate provisions of law, the father of an illegitimate child can be compelled to support such child. Franks v. State, 26 Ala. App. 430, 161 So. 549 (1935). As a matter of fact, the only matter cognizable under the deGraffenried Act which becomes res judicata under Title 34, § 90, Code, 1940, is that of the paternity of the child. Ward v. State, 42 Ala.App. 529, 170 So.2d 500 (1964); cert. den., 277 Ala. 703, 170 So.2d 504 (1965). We point this out to show that the Legislature did not intend to allow an appeal under the provisions of the deGraffenried Act to supersede the judgment unless a supersedeas bond was posted.

The State, in its sworn petition, avers that the children here involved are in dire circumstances and that LeFlore is a medi-

4. Ex parte: State of Alabama ex rel. Moore (In re: Moore v. LeFlore).

cal doctor and financially able to provide for their support. These allegations are not contradicted. Respondent's answer and return to the alternative writ of mandamus merely states that there has been no final judicial determination that LeFlore is the father of the children, and that the cause is now pending on appeal and that there are no provisions of law providing for support payments in a paternity proceeding pending appeal. We have already discussed each of these points raised by the respondent Judge.

■ Even if this Court was convinced that there was no statutory authority requiring the posting of a supersedeas bond if the judgment is to be superseded, this Court can, in limited cases, order the posting of a supersedeas bond. In Piccolo v. Piccolo, 251 Ala. 483, 38 So.2d 12 (1948), this Court held that a supersedeas bond could be required by the Supreme Court in a *child custody* case, even in the absence of statutory authority, under the provisions of Section 140 of the Alabama Constitution of 1901. Therefore, in a proper case, and not as a matter of right, we could order the posting of a supersedeas bond in this proceeding, even if we should find that there was no specific statutory authority.

These two children were born on July 29, 1969. LeFlore was adjudged to be their father on June 30, 1970, and was ordered to make payments for their support. He has paid nothing insofar as the record shows, and has posted no bond to supersede the judgment.

■ The State having shown a clear legal right to compel the respondent to issue execution on the judgment, the peremptory writ of mandamus will issue as prayed for by petitioner.

Writ of mandamus granted.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.