260 So.2d 581

**Walker Beck LeFLORE**

v.

**STATE of Alabama ex rel. Cassie Belle MOORE.**

1 Div. 714.

Supreme Court of Alabama.

April 6, 1972.

J. D. Quinlivan, Jr., Mobile, for appellant.

Charles R. Butler, Jr., Dist. Atty., Reynolds & Lauten, Mobile, for appellee.

HARWOOD, Justice.

Proceedings were instituted in August 1969 in the Juvenile Court of Mobile County to establish the paternity of the twin daughters of Cassie Belle Moore. The suit was brought by the State of Alabama on the relation of the mother. The defendant and reputed father was Dr. Walker Beck LeFlore.

After considerable legal maneuverings, continuances, and partial hearings, the proceedings were completed in a hearing on 30 June 1970.

On that day the following order, judgment and decree was rendered and placed on the records of the Juvenile Court:

"6/30 Com. and Def. appearing with their attorney and additional testimony being received, at the conclusion of which both Comp. and Def. rested, from the evidence presented the Court finds the Def. to be the father of the children Colette and Claudia Moore. Def. gives notice of appeal and the Court sets ap-

peal bond at $100 and declines to fix a specific amount of support pending the hearing of the appeal at which time, if affirmed, the Court will fix support payments unless this is done by the Appeal Court."

The entire court file of the proceedings in the Juvenile Court was thereafter delivered to the Circuit Court of Mobile County, in Equity, with a certificate dated 7 July 1970. Despite the date of the certificate it was conceded by defendant's counsel that this file was not delivered to the Circuit Court until 16 July 1970. This certificate was executed by Norman J. Gale, Supervisor, Chief Investigator Non-Support Division, Juvenile Court, Mobile, Alabama. Among other things the certificate sets forth that at the hearing on 30 June 1970, the Juvenile Court had found and adjudicated LeFlore to be the father of Cassie Belle Moore's two illegitimate children, and that the defendant, through his attorney immediately gave notice of appeal, and that the court "at the rendition of its decision declined to fix a specific amount of support pending appeal."

Contained in what is designated as "Original Court File of Juvenile Court," which was the file delivered to the Circuit Court on 16 July 1970, are two undated notices of appeal. One is entitled "Notice of Appeal from the Juvenile Court," and is headed "In the Circuit Court of Mobile County, Alabama," and gives notice that the defendant "appeals to this honorable Court from the *judgment of the Juvenile Court* on June 30, 1970, and all prior adverse rulings of said court." The second Notice of Appeal headed "In the Juvenile Court of Mobile County, Alabama," recites that the defendant "gives written notice of appeal to the Circuit Court of Mobile County from the *decision of this court on June 30, 1970.* The defendant also appeals all prior adverse rulings of this Court." (Emphasis ours.)

Each of the above notices demands a jury trial in the Circuit Court.

Neither of these appeal notices is marked "filed."

There also appears in the Juvenile Court file an Appeal Bond which contains the following recital:

"We, Walker Beck LeFlore principal, and Mobile Bonding Company and its agents as sureties acknowledge ourselves indebted to Mobile County, Alabama, in the sum of one-hundred DOLLARS for the payment of which, well and truly to be made, we bind ourselves, our administrators and executors. But the condition of the above obligation is such, *that whereas the Juvenile Court of said County did on the 30th day of June, 1970, make and enter a final order of judgment,* whereby the above bounden Walker Beck LeFlore was adjudicated the father of two (Twins) illegitimate children * * *"  (Emphasis ours.)

This bond is dated 6 July 1970, and was approved by the Judge of the Juvenile Court on 7 July 1970.

On 21 August 1970, the state, on the relation of Cassie Belle Moore, complainant, filed a motion in the Circuit Court, in Equity, to dismiss the appeal taken to the court from the judgment of the Juvenile Court on grounds that the appeal was not timely filed.

An extensive hearing on the motion was held by the Hon. Ferrill D. McRae, Judge of the Circuit Court of Mobile County, in Equity, and thereafter Judge McRae on 27 January 1971, entered an order dismissing the appeal and remanding the cause to the Juvenile Court of Mobile County for enforcement of its order or orders.

At the hearing on the motion to dismiss, it was the contention of the counsel for the defendant LeFlore that the appeal had been filed on 2 July 1970, well within the ten day period under the provisions of Section 6, Act No. 295, approved 15 September 1961. (See Acts of Alabama, Special Session, 1961, p. 2353.) This Act now appears in the pocket part of 1958 Recomp.

Code as Chapter 2A, Title 27, Sections 12(1)–12(9). Section 6 of the Act appears as Section 12(6), Title 27, and for convenience of the bar, the code sections will hereinafter be used as reference.

Section 12(6), Title 27, Code of Alabama 1940 (pocket part), pertaining to appeals to the Circuit Court from any final judgment of the court in which the paternity proceedings originated, provides that such appeal must be taken "within ten days *after rendition* thereof by filing written notice of such appeal within said prescribed period *with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment.*" (Emphasis ours.)

In support of his contention that the appeal from the judgment of the Juvenile Court was timely filed, counsel for appellant introduced two affidavits. One affidavit was executed by his secretary of seven years. She set forth that her employer had on 2 July 1970, dictated two notices of appeal in the present case, one a notice of appeal to be filed in the Juvenile Court, and the second to be filed in the Circuit Court of Mobile County, and that a jury demand was made in each notice.

After typing the notices she asked the receptionist in the office to take the notices to the courthouse and told her to file one of the notices with the Juvenile Court, and one with the Circuit Court. When the receptionist returned she stated she had filed the notices in the appropriate places.

The affidavit of the receptionist sets forth that on 2 July 1970, upon instructions, "I filed in the appropriate place in the Mobile County Courthouse, Notice of Appeals in the case of: Cassie Belle Moore v. Walker B. LeFlore, Jr."

As before stated, neither of the notices of appeal are dated, and neither is marked filed. Each apparently was in the Juvenile Court file which was not received by the Circuit Court until 16 July 1970, more than ten days after the rendition of the judgment in the Juvenile Court.

■ An appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844.

■ We hold that on the facts and circumstances presented at the hearing on the motion to dismiss the appeal in the Circuit Court, we are in no position to say the Chancellor was not justified in the conclusions reached as evidenced by his decree as to this aspect of the evidence.

In brief and argument *on appeal* counsel for appellant contends that final judgment was not entered by the Juvenile Court until 14 July 1970, and therefore the appeal was in time even if the Juvenile Court file was not received in the Circuit Court until 16 July 1970. This contention was not made in the hearing before Judge McRae on the motion to dismiss, but is presented for the first time on appeal.

Counsel bases this argument on a document contained in the record, though it is not shown that said document was introduced as an exhibit, nor attached as an exhibit to any pleadings.

This document first sets out in quotation marks the order and judgment of the Juvenile Court dated June 30, 1970, which order and judgment has hereinabove been set out in full, and will not here be set out again.

There appears below the quoted judgment, but not in quotation marks, the words, Dated, July 14, 1970.

Immediately below this appears a certificate naming Norman J. Gale, Supervisor,

Non Support Department, Juvenile Court of Mobile County, Alabama, as the purported maker. The purported certificate certifies that "the foregoing is a true and correct copy of the Order and Judgment of the Juvenile Court of Mobile County, Alabama, rendered in the above case as the same remains of record in my office."

Below this again appears, also not in quotation marks, Dated, July 14, 1970.

*This certificate is not signed by Gale.* Even so, if as contended by appellant's counsel, this document must be deemed to show that the judgment in the Juvenile Court did not become final until 14 July 1970, it is self contradictory. The judgment set out in haec verba above the purported certificate bears the date June 30, 1970.

■ Though the order and judgment of the judge of the Juvenile Court was not signed by him, it was efficacious if responsive to the pleadings and duly filed and incorporated in the minutes of the Juvenile Court. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; Tilley, Alabama Equity Pleading and Practice, Section 166.

Under Section 12(6), Title 27, Code of Alabama 1940, (pocket part), the appeal from the judgment of the Juvenile Court would have to have been perfected within ten days from the rendition of the judgment. This was not done if the judgment was rendered on 30 June 1970.

■■ There is a distinction between a "rendition" and an entry of a judgment. When a judgment is pronounced in open court, it is rendered, and the clerk can enter it in the minutes at any time during the session of the court. Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393. In the present case not only was the judgment pronounced in open court on 30 June 1970, but it was also reduced to writing on that day and filed in the records of the Juvenile Court. It then became part of the public records of the Juvenile Court and afforded full notice to the parties. See Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716. Indeed the appellant's appeal bond to the Circuit Court recites that the Juvenile Court did make and enter a final order of judgment on the 30th day of June 1930. The two notices of appeal specify that the appeal is from the judgment of the Juvenile Court on June 30, 1970, or from the decision of the Juvenile Court on June 30, 1970.

We do not see but that it must be concluded from these documents that the defendant regarded the judgment of the Juvenile Court of 30 June 1970, as final. Certainly, it cannot be reasonably argued that it was not rendered on 30 June 1970, and Section 12(6), Title 27, Code of Alabama 1940 provides that an appeal must be perfected in the manner provided within ten days of the *rendition* of the judgment.

■ As against strangers the maxim that a court of record can act only through its records prevails, and the recording of the judgment in the minutes of the court may be regarded as essential to its effectiveness as against third parties. 46 Am. Jur.2d Judgments, Section 159. However, as between the parties, the validity of a judgment is not affected by the failure of the clerk of the court to note the judgment in the minutes book. Shargaa v. State (Fla.), 102 So.2d 809.

Clearly where, as here, a judgment has been pronounced in open court and a written judgment is on the day of pronouncement entered in the records of the court, all of which was known to the defendant, such defendant is in no position to contend the judgment was not final as to him.

Only two assignments of error have been argued on this appeal, namely assignments of error Nos. 5 and 6.

Assignment of error No. 5 is to the effect that the lower court erred in holding that the appeal to the Circuit Court was not timely filed.

Assignment of error No. 6 asserts that the lower court erred in dismissing the appeal from the Juvenile Court.

These assignments are directed toward the same point or points, and these we have reviewed. This has been a most tedious record to review. Included in it are several motions and orders pertaining to efforts to modify support payments made after the amount of such support payments were apparently fixed by the Juvenile Court. Also apparently, appeals were made as to these orders to the Circuit Court. We consider all these matters immaterial to the points raised on this appeal by assignments of error Nos. 5 and 6.

The order of the court below of 27 January 1971, dismissing the abortive appeal to the Circuit Court, and which is the only order involved in this appeal, is due to be affirmed

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.