The appellant-defendant was found to be the father in a paternity proceeding before the Family Court of Jefferson County. Appellant, through able and distinguished counsel, then attempted to appeal that decision to the Circuit Court of Jefferson County. That court, pursuant to Code of Ala. 1975, § 26-12-8, granted appellee's motion to dismiss the appeal for failure to timely file a written notice of appeal. The appellant appeals and we affirm.
At the outset, we note in pertinent part, Code of Ala. 1975, § 26-12-8, as it relates to notice of appeal in paternity proceedings:
 "The state of Alabama or the reputed father may appeal from any final judgment rendered under section 26-12-4 by the court in which the proceeding originated within 10 days after rendition thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. . . ." [Emphasis supplied.]
The record reveals the following: After the paternity proceeding noted above, appellant mailed a letter to the Clerk of the Family Court of Jefferson County giving written notice of appeal and demanding a struck jury trial. This letter was received and filed in the family court. The letter to the family court also noted that copies were to be sent to the Register of the Circuit Court of Jefferson County and the attorney for the appellee. The record, however, does not contain a written notice of appeal "filed" by either the clerk or register of the circuit court, nor is there any evidence that such notice of appeal was ever received by the court.
As noted above, the court granted appellee's motion to dismiss the appeal for failing to timely file a written notice of appeal with the court.
As we perceive the appellant's argument, he contends that the mailing of the letter of notice of appeal is sufficient to perfect the requirement of filing such motion with the clerk and that the court erred to reversal in dismissing the appeal. Such is not the case.
The law in Alabama is settled in that an appeal is not a matter of vested right but is by the grace of statute and must be perfected pursuant to the time and manner prescribed in the controlling statute. If the requirements of such statute are not met, the appeal must be dismissed. See LeFlore v. State exrel. Moore, 288 Ala. 310, 260 So.2d 581, cert. denied,409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972).
As noted above, § 26-12-8 requires that written notice of appeal be filed with both the family court, i.e., court rendering the judgment, and the circuit court. In this case, no notice of appeal was filed with the circuit court.
Whereas, service of papers is complete upon mailing, filing is not complete until the notice is delivered to the proper filing officer. See Henson v. Henson, *Page 390 261 Ala. 63, 73 So.2d 100 (1954); Covington Bros. Motor Co. v.Robinson, 239 Ala. 226, 194 So. 663 (1940); Rule 5 (e), ARCP.
Put another way, the so-called "mailbox rule," as applied to contracts or service of papers, is not applicable in the context of a "filing" requirement. A document has not been filed until it has actually been received by the court; mere mailing is not enough. See Blades v. U.S., 407 F.2d 1397 (9th Cir. 1969); see also 16A Words and Phrases, "Filing."
Appellant does not contend nor does the record reveal that he ever filed a notice of appeal with the circuit court. Instead, the notice of appeal was mailed. Since he is unable to show that the circuit court received his notice of appeal, the issue of substitution of lost papers, under § 12-20-26, as argued in appellant's excellent brief, does not arise since receipt and filing by the court is a prerequisite of such substitution. SeeBaxley v. Jackson, 216 Ala. 411, 113 So. 500 (1927); Tate v.Powell, 184 Ala. 46, 63 So. 542 (1913).
Filing of the statutory notice of appeal with the circuit court is necessary to perfect the appeal and is therefore jurisdictional. We have no alternative but to find that an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the court. SeeLeFlore v. State ex rel. Moore, supra; Rule 2, ARAP; Rule 3, ARAP.
By virtue of the appellant's failure to file the required notice of appeal, the court did not err in dismissing the appellant's appeal. The above being dispositive of the issues in this case, the trial court is thereby due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.