Defendant, Ronald Lee Scribner, was found to be the father of an illegitimate child in a paternity proceeding brought in the family court. His appeal to circuit court was dismissed for failure to timely file notice of appeal in accordance with § 26-12-8, Code of Alabama (1975). The only issue for our consideration is whether the filing of written notice of appeal with the judge of the family court satisfies the requirements of the statute. We find that it does not and affirm.
After an adverse determination against defendant in the family court, he gave oral notice of appeal. Subsequently, defendant's counsel filed written notice of appeal with the clerk of the circuit court, and sent letters to the trial judge of the family court and to the deputy district attorney indicating an intent to appeal. The state based its motion to dismiss on the defendant's failure to timely file notice of appeal in the family court. The statute governing is § 26-12-8, Code of Alabama (1975):
 "The state of Alabama or the reputed father may appeal from any final judgment rendered under Section 26-12-4 by the court in which the proceeding originated within 10 days after rendition thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. . . ."
This statute was construed in the case of LeFlore v. State exrel. Moore, 288 Ala. 310, 260 So.2d 581 (1972), where it was said that an appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed.
In the present case, the clerk of the family court would have been the proper filing officer. Filing cannot be complete until notice is delivered to the proper filing officer. Moutry v.State, 359 So.2d 388 (Ala.Civ.App. 1978); Rule 5 (e), ARCP.
Because of defendant's failure to timely file notice of appeal with the clerk of the family court in accordance with the statute, the circuit court's jurisdiction never attached, and the trial court properly dismissed defendant's appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.