In paternity proceedings in the domestic relations division of the circuit court (juvenile court), the defendant was adjudged, on August 23, 1979, to be the father of a certain illegitimate child; whereupon, in open court, he immediately gave oral notice of appeal. On the same date the defendant executed and filed with the clerk of such division a bond. A copy of the file in his case, including a copy of his bond, was certified and filed with the clerk of the circuit court on August 28, 1979, by the clerk of the domestic relations division.
The bond was a normal criminal appeal appearance bond in the penal amount of *Page 467 
$300, alleging that he had been "convicted" of the "offense" of paternity. It contained the following language:
. . . and whereas the said Johnny Battles made known to the said Court on the 23d day of August, 1979, that he desired to appeal to the Circuit Court of Tuscaloosa County, Alabama, from the said judgment of conviction upon question of law reserved in the conduct of his trial; and whereas the execution of the said sentence was, upon the filing of said notice of appeal, suspended pending the determination of said appeal; (Emphasis supplied.)
By the terms of the bond, his obligation thereunder would be voided by his required appearances in the circuit court, and by his abiding by such judgment as would be rendered on appeal and by his payment of all costs of appeal.
No written notice of appeal was filed with the clerk of any branch of the circuit court.
The State filed a motion to dismiss the appeal on September 10, 1979, which was granted by the court on October 12, 1979. On October 29, 1979, the defendant filed a motion for rehearing. An evidentiary hearing was held on January 4, 1980, as to defendant's motion, and his motion was denied by the circuit court on January 9, 1980; hence this appeal.
Appeals from the juvenile court to the circuit court in paternity cases are governed by § 26-12-8, Code of Ala. 1975, which provides, in part, as follows:
 [T]he reputed father may appeal from any final judgment rendered under section 26-12-4 by the court in which the proceeding originated within 10 days after rendition thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. . . .
In LeFlore v. State ex rel. Moore, 288 Ala. 310,260 So.2d 581, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299
(1972), it was decided that appeals in paternity cases must be perfected in accordance with the above quoted statute, and that an appeal to the circuit court must be dismissed if the requirements of such code section are not followed. There, the defendant prepared two proper notices of appeal, one to be filed in the juvenile court and the other to be filed in the circuit court; however, neither of the notices were filed with the clerk of either court but were only contained in the juvenile court file which was delivered to the circuit court. A bond was approved by the juvenile court judge. The supreme court affirmed the action of the court in dismissing the defendant's appeal for failure to comply with § 26-12-8.
The defendant argues that his bond should be construed to be adequate as a written notice of appeal. However, it is clear that the bond references to notice of appeal are obvious references to the oral notice given by defendant in open court after being adjudged to be the father of the child. The bond relies upon the oral notice which is not adequate and is not in compliance in a number of ways with the appeal requirements of the statute. This bond is not a notice of appeal, but merely refers to an unauthorized method of giving notice of appeal, the oral notice. In that regard, it is noteworthy that a bond was also filed in LeFlore, but the supreme court did not intimate that the bond took the place of the requisite notices of appeal. We find that the bond filed by the defendant was inadequate to replace or substitute for the proper notices of appeal.
Under the essentials of § 26-12-8 two notices of appeal must be filed within ten days of the rendition of the paternity adjudication. One notice must be filed with the clerk of the juvenile court and one notice of appeal must additionally be filed with the clerk of the circuit court. The defendant did not file a notice of appeal with the clerk of either court. Noncompliance with such provisions necessitates the dismissal of a paternity appeal from the juvenile court to the circuit court on *Page 468 
account of a lack of jurisdiction. LeFlore v. State, supra;Scribner v. State, Ala.Civ.App., 372 So.2d 1311, cert. denied,372 So.2d 1312 (1979); Moutry v. State, Ala.Civ.App.,359 So.2d 388 (1978). We, therefore, hold that defendant's appeal from the juvenile court to the circuit court was properly dismissed by the circuit court, and we affirm the action of the circuit court.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Ala. 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.