ALMON, Justice.
This case concerns the procedure for appealing a paternity decision from a district court serving as juvenile court to circuit court. The circuit court denied the State of Alabama’s motion to dismiss the appeal, but the Court of Civil Appeals reversed and remanded for entry of judgment dismissing the appeal. We granted this petition for writ of certiorari and we now reverse the judgment of the Court of Civil Appeals, 423 So.2d 225.
Actions for determination of paternity of illegitimate children are provided for in Code 1975, §§ 26-12-1 through -9. In this ease the district court sat as the juvenile court. Code 1975, § 12-15-2. Appeals to the circuit court are provided for by Code 1975, § 26-12-8, as follows:
The state of Alabama or the reputed father may appeal from any final judgment rendered under section 26-12-4 by the court in which the proceeding originated within 10 days after rendition thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. On such appeal, the trial shall be de novo. The state or the reputed father shall have the right to demand a trial by jury for said trial de novo by filing a notice of appeal within 14 days *228 from the date of judgment or the date of the denial of a post-trial motion, whichever is later, but the only question of fact for the decision of the jury shall be the paternity of the child. All other questions of fact in the trial de novo shall be decided by the court without the intervention of a jury.
After the district court rendered a decision determining James Vernon Higgins, Jr. (Higgins) to be the father of the child whose mother instigated this case, Higgins filed a “Notice of Appeal from District Court to Circuit Court” in the Juvenile Court of Elmore County. B.J. Moody signed this document as clerk; the record indicates that Moody is clerk of both the district court and the circuit court. See Code 1975, § 12-17-160. The record is unclear as to whether Higgins filed one or more copies of this document.
The State filed a motion to dismiss the appeal on the grounds, inter alia, that notice of appeal was not properly filed with the clerk of the circuit court and that notice of appeal was not properly filed in the court rendering the judgment from which the appeal was taken. The circuit court overruled this motion; after a trial by jury the circuit court entered judgment on a verdict that Higgins was not the father. The State appealed from this judgment to the Court of Civil Appeals.
The Court of Civil Appeals reversed and remanded with instructions for the circuit court to enter judgment dismissing the appeal to circuit court. It based its opinion on the interpretation given § 26-12-8 in Battles v. State, 386 So.2d 466 (Ala.Civ.App.1980), and Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). That interpretation holds that two notices of appeal must be filed pursuant to § 26-12-8; one with the clerk of the circuit court, and one in the court rendering the judgment. Further, that the circuit court has no jurisdiction to hear the appeal in the absence of both such filings.
We agree that the statute requires written notice to both the juvenile court and the clerk of the circuit court. See also, LeFlore v. State ex rel. Moore, 288 Ala. 310, 260 So.2d 581, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972); and Scribner v. State, 372 So.2d 1311 (Ala.Civ.App.1979), cert. denied, 372 So. 1312 (Ala.1979). All of the above-cited cases, however, arose from counties which had established a separate office of clerk of district court under Code 1975, § 12-17-161. As noted above, the clerk in this case serves both courts.
The State contends that two copies of one document would not serve for the two filings under § 26-12-8, because Rule 10(a), ARCP, requires that “[ejvery pleading shall contain- a caption setting forth the name of the court.” We agree that this would be better practice, but here, the clerk apparently established a file for the circuit court appeal from the notice which was given him. Furthermore, the trial court overruled the State’s motion to dismiss for failure to properly file notice of appeal.
The purpose of § 26-12-8 — written notice of appeal to both the juvenile court and the circuit clerk — has been satisfied here. We see no reason to set aside the judgment of the circuit court on the jury verdict. Therefore, the judgment of the Court of Civil Appeals is reversed and the cause remanded for the Court of Civil Appeals to issue an order affirming the judgment of the circuit court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., not sitting.