EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity case.
The juvenile court rendered and entered a final judgment on October 14, 1983, which adjudicated that the defendant was not the father of a certain child. Fourteen days later, on October 28, 1983, a notice of appeal to the circuit court was filed on behalf of the state. The defendant moved to dismiss the appeal as not having been filed within ten days from the rendition of the final judgment, as was then required by § 26-12-8, Ala.Code (1975).[1] The circuit court granted the defendant's motion and dismissed the state’s appeal from the juvenile court to the circuit court. A timely appeal was then taken to this court on behalf of the state.
“An appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed.” (Citations omitted and emphasis supplied). LeFlore v. State ex rel. Moore, 288 Ala. 310, 311, 260 So.2d 581, 583, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972); Moutry v. State, 359 So.2d 388, 389 (Ala.Civ.App.1978). Both of those cases determined that the controlling statute which governed the taking of appeals in paternity cases from the juvenile court to the circuit court was § 26-12-8. For like holdings also see Battles v. State, 386 So.2d 466 (Ala.Civ.App.), cert. denied, 386 So.2d 468 (Ala.1980), and Scribner v. State, 372 So.2d 1311 (Ala.Civ.App.), cert. denied, 372 So.2d 1312 (Ala.1979). It was expressly provided by § 26-12-8 that an appeal could be taken from a final paternity judgment “within 10 days after rendition thereof_” Since a notice of appeal was not filed on behalf of the state within ten days from the rendition of the juvenile court’s final judgment, as was then expressly required by that controlling code section, the circuit court’s jurisdiction never attached and that court properly dismissed the appeal from the juvenile court. All of the cases construing § 26-12-8 dictate that such a holding is correct and required by the law.
The circuit court’s judgment dismissing the abortive appeal on behalf of the state from the juvenile court to the circuit court must be affirmed.
We are not authorized to consider several matters presented in the appellant’s brief because they are completely outside of the record on appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. *979 SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

. The bench and the bar are alerted to the fact that, as of May 7, 1984, § 26-12-8 was repealed and superseded by the Alabama Uniform Parentage Act, Act. No. 84-244 of the 1984 regular session of the legislature. Section 20(a) of that act now provides that a notice of appeal to the circuit court must be filed within fourteen days of either the date of the order appealed from or the denial of a post-trial motion.