The dispositive issue here is whether an appeal from the Family Court of Jefferson County to this court was timely filed.
This case originated in a paternity suit brought by appellee, Lucille Buycks, in 1965 against appellant, Alfred Gardner. Buycks alleged in the paternity action that Gardner was the father of her illegitimate daughter, Regina Nelson. Gardner admitted that he was Regina's father and was therefore ordered by the court to pay $5.00 a week for the support of Regina, who suffers from cerebral palsy.
On October 11, 1984 Buycks filed a motion in the family court alleging that Gardner was in arrears in child support payments and seeking a modification of the original order of support. The court entered a final order on January 11, 1985 establishing an arrearage and providing for increased child support payments. On January 23, 1985 Gardner filed a motion for reconsideration, which motion was denied on March 15, 1985.
We note that this action arose from a paternity suit brought in the Juvenile and Domestic Relations Court of Jefferson County. The name of this court was changed in 1967 and is now referred to as the family court. Alabama Acts 1967, No. 674, p. 1499. Thus, this appeal is governed by the Alabama Rules of Juvenile Procedure (A.R.Juv.P.). Under A.R.Juv.P. 28, notice of appeal to this court from cases arising out of the juvenile court's jurisdiction must be filed within fourteen days after the judgment on the merits or a ruling on any posttrial motion.See Matter of Hicks, 446 So.2d 647 (Ala.Civ.App. 1984).
Moreover, appeals from a final judgment rendered by a juvenile or family court pursuant to an action establishing paternity, child support, and enforcement and modification of support are governed by section 26-17-20, Code 1975 (Supp. 1984). Under this section, written notice of appeal from the family court or juvenile court to this court must be filed within fourteen days of the judgment or order appealed from. We recognize of course that Buycks's paternity suit was not instituted under this section. We conclude from the law and facts given above that Gardner had fourteen days after the court's judgment or the ruling on *Page 60 
any posttrial motion to file his notice of appeal. We now turn to the relevant dates in question to determine whether Gardner's appeal to this court was timely.
Gardner's postjudgment motion was filed on January 23, 1985 and denied on March 15, 1985. His notice of appeal was filed on April 1, 1985, seventeen days after his post-judgment motion was denied. We therefore conclude that the notice of appeal was untimely filed and the appeal is due to be dismissed.
Appellee is awarded $300 as an attorney's fee on appeal. §26-17-17, Code 1975.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.