This case involves the dismissal of an appeal from an adjudication of paternity. *Page 549 
In December 1981, Rosa Mae Young filed a paternity complaint with the Wilcox district court wherein she alleged that Arthur Lee Pettway was the father of her minor child. In January 1982, the State of Alabama (State) filed a petition for child support on behalf of Young against Pettway.
On March 10, 1982, Pettway appeared before the court and admitted, under oath, that he was the natural father of the child. An order of child support was issued the same day by the district court.
On March 18, 1982, the district court judge received a handwritten note from Pettway, dated March 17, 1982, expressing his desire to appeal. An unsigned notation at the bottom of the note indicates that Pettway was contacted on March 18, 1982, by the judge and informed that he must file an appeal and bond in the clerk's office.
It appears that sometime between March 18, 1982, and March 22, 1982, Pettway obtained an attorney. On March 22, 1982, an appeal bond form was signed by Pettway, but the bond did not state the amount of the bond nor the amount of the judgment against him. Although the bond did note that Pettway had been convicted in the district court on March 10, 1982, it did not list the offense for which he was convicted. On the back of the appeal bond, a demand for a jury trial was signed by Pettway's attorney. The case was docketed in the circuit court.
The State filed a motion to dismiss on May 17, 1982, wherein it contended that Pettway failed to perfect his appeal from the district court within ten days from the date of the judgment, as is required by § 26-12-8, Code 1975, and that the circuit court was without jurisdiction to hear such an appeal. This motion was granted on March 2, 1987. (There is no explanation of the five-year delay.)
Pettway filed a motion to reconsider, which was denied. He appeals.
The dispositive issue is whether the circuit judge erred in dismissing Pettway's appeal from the district court to the circuit court.
Pettway maintains that the letter to the district judge stating his desire to appeal was sufficient to constitute written notice of appeal under § 26-12-8, Code 1975, as it existed in March 1982. Pettway bases his argument on the fact that the letter was placed in the district court file which was located in the circuit clerk's office. He contends that, according to Ex parte Higgins, 423 So.2d 227 (Ala. 1982), this was sufficient notice for the clerk's office to prepare an appeal file. Pettway further contends that the appeal bond filed on March 22, 1982, was sufficient to meet the requirements for a jury demand under § 26-12-8.
In March 1982, § 26-12-8, Code 1975, provided the method by which paternity cases could be appealed. Section 26-12-8 stated:
 "The state of Alabama or the reputed father may appeal from any final judgment rendered under section 26-12-4 by the court in which the proceeding originated within 10 days after rendition thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. On such appeal, the trial shall be de novo. The state or the reputed father shall have the right to demand a trial by jury for said trial de novo by filing a notice of appeal within 14 days from the date of judgment or the date of the denial of a post-trial motion, whichever is later, but the only question of fact for the decision of the jury shall be the paternity of the child. All other questions of fact in the trial de novo shall be decided by the court without the intervention of a jury."
This court has previously held that the right to appeal is by the grace of statute and that the statutory time and manner must be complied with in order to perfect the appeal.Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978). Failure to meet the statutory requirements will result in the dismissal of the appeal. Moutry, 359 So.2d 388. *Page 550 
We have previously held that a letter indicating an intent to appeal which was written to the judge of the court rendering the judgment was not sufficient to satisfy the requirements of § 26-12-8. Scribner v. State, 372 So.2d 1311
(Ala.Civ.App. 1979). Further, the unsigned notation appearing at the bottom of Pettway's note to the district judge indicated that Pettway was made aware that he must file an appeal in the clerk's office and file a bond.
Pettway maintains that this letter was placed in the district court file which was located in the circuit clerk's office and that, pursuant to Ex parte Higgins, 423 So.2d 227, this was sufficient notice for the clerk's office to prepare an appeal file. Our review of the record reveals that, even though the letter to the district court judge might have been placed in the district court file, there is no stamp or notation on the letter to indicate the date received by the district clerk's office or if, in fact, the district clerk was aware of the letter.
In Ex parte Higgins, 423 So.2d 227, 228, Higgins filed a "Notice of Appeal from District Court to Circuit Court" and Moody, who was the clerk of both the district court and the circuit court, signed this document as clerk. In this case, there is no stamp or signature to indicate when this letter was received in the clerk's office and who received the letter.
Consequently, we find that Pettway failed to meet the requirements of filing a written notice of appeal within the time period established by § 26-12-8.
Pettway also argues that the appeal bond filed on March 22, 1982, was sufficient to meet the requirements for a jury demand under § 26-12-8. Although the bond did note that Pettway had been convicted in the district court on March 10, 1982, it did not list the offense for which he was convicted. The bond also failed to state the amount of the bond and the amount of the judgment against Pettway. A demand for a jury trial was signed by Pettway's attorney on the back of the bond.
The case of Battles v. State, 386 So.2d 466 (Ala.Civ.App. 1980), also involved the appeal from a paternity proceeding. InBattles, the alleged father gave oral notice of appeal in open court. Later that same day, he executed and filed a bond with the clerk, but no written notice of appeal was filed with the clerk. The appeal to the circuit court was dismissed, and Battles appealed to this court. Battles argued that his bond should be construed to be sufficient as a written notice of appeal.
This court held that the bond relied on a notice of appeal that was not adequate under, nor did it comply with the statutory requirements under, § 26-12-8. We further found that a bond is not an adequate replacement for the required notice of appeal. Battles, 386 So.2d 466.
Pettway failed to file a notice of appeal with the clerk, as required by § 26-12-8. Instead, he relies upon a note written to the district judge as his notice of appeal. However, he did not refer to this "notice of appeal" in his appeal bond filed on March 22, 1982, and a bond is not an adequate replacement for the required notice of appeal. Battles,386 So.2d 466.
We find that the circuit court properly dismissed Pettway's appeal due to his noncompliance with the statutory requirements of § 26-12-8. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 551