This is an appeal from the granting of a motion to dismiss.
This case originated as a paternity suit brought by the State of Alabama for Angela Prince against Harry Mason in the Family Court of Jefferson County. On November 12, 1986, the family court determined that Mason was the father of the child in question.
Since no tape or transcript was made of that hearing, Mason attempted to appeal the family court's order to the circuit court for a trial de novo. On December 6, 1988 (over two years later), the circuit court dismissed the appeal. Mason now appeals to this court. We affirm.
The dispositive issue on appeal is whether the appeal from family court to the circuit court was timely filed.
The record in pertinent part reveals that, after an adverse decision in family court on November 12, 1986, Mason filed a notice of appeal with the clerk of the family court on November 16, 1986. Further, there is testimony that Mason sent a notice of appeal to the circuit court. However, there is no evidence as to the actual date it was received by the circuit court. The family court clerk testified that her office did not actually send the case to the clerk of the circuit court until May 1988. In fact, the first date noted by the circuit court of any notice of this case is June 6, 1988. *Page 406 
On appeal Mason makes several arguments concerning why the circuit court erred in dismissing his appeal. In the main, he argues that Rule 28, Alabama Rules of Juvenile Procedure, is the only rule that applies here and that there is no requirement that the payment of filing fees must accompany the filing of the notice of appeal in order to perfect the appeal.
We point out, however, that in paternity cases brought in the family court, appeals are specifically governed by Ala. Code (1975), § 26-17-20(a) (1986 Repl.Vol.). That section is as follows:
 "(a) The state of Alabama, the person on the relation of whom the action is brought or the defendant may appeal from any final judgment rendered under the provisions of this chapter. Appeals shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a post trial motion. The defendant may file a supersedeas bond on appeal to stay enforcement of a support order, but a support order shall continue to accrue during the pendency of the appeal. Any party may appeal to the court of civil appeals pursuant to the Alabama Rules of Appellate Procedure and the Alabama Rules of Juvenile Procedure upon the entry of a final judgment in the circuit court on the trial de novo. If the appeal is taken by the state, no security for the cost need be given."
(Emphasis added). See Gardner v. Buycks, 479 So.2d 59
(Ala.Civ.App. 1985).
Although the above provision has not been specifically addressed by this court, its predecessor statute, Ala. Code (1975), § 26-12-8 (repealed in 1984), has been judicially interpreted. Under § 26-12-8, two notices of appeal had to be filed within ten days of the rendition of the paternity adjudication. One notice was to be filed with the clerk of the juvenile (family) court, and one notice of appeal was to be filed with the clerk of the circuit court, and strict compliance was required. See LeFlore v. State ex rel. Moore,288 Ala. 310, 260 So.2d 581, cert. denied, 409 U.S. 1007,93 S.Ct. 436, 34 L.Ed.2d 299 (1972); Battles v. State,386 So.2d 466 (Ala.Civ.App. 1980). In LeFlore, the supreme court reasoned that "[a]n appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed." LeFlore, 288 Ala. at 313, 260 So.2d at 583.
In compliance with the supreme court's opinion inLeFlore, this court has consistently held that noncompliance with the statute necessitates the dismissal of a paternity appeal from the family court to the circuit court on account of lack of jurisdiction. Pettway v. State, 519 So.2d 548
(Ala.Civ.App. 1987); Scribner v. State, 372 So.2d 1311
(Ala.Civ.App. 1979); Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978).
In Moutry, the appellant filed his notice of appeal with the clerk of the Family Court of Jefferson County. However, he failed to file a written notice of appeal with the clerk or register of the Circuit Court of Jefferson County within the applicable time. Therefore, under the applicable statute in effect at that time, we affirmed the circuit court's dismissal of the case for failure to timely file a notice of appeal. Simply filing with the clerk of the Family Court of Jefferson County alone was insufficient.
As noted above, however, § 26-12-8 was repealed and replaced by § 26-17-20. Clearly, this provision requires that a notice of appeal in a paternity case from the family to the circuit court for a trial de novo be filed with the clerk of thecircuit court. Here, the record is clear that, although a notice of appeal was filed within fourteen days from the family court's order, it was filed with the clerk of the family court and not with the clerk of the circuit court. In the absence of record evidence showing that a written notice of appeal was timely filed with the clerk of the circuit court, the requirements of § 26-17-20(a) have not been met. Filing cannot be complete until notice is delivered to the proper filing officer within the time *Page 407 
allowed, and as noted above, noncompliance with such provisions necessitates the dismissal of the case for lack of jurisdiction. Pettway, 519 So.2d 548; see also Scribner,372 So.2d 1311.
In view of the above determination, it is not necessary to determine at this time if the appealing party must also pay the filing fees as a jurisdictional prerequisite to perfecting an appeal. We do point out, however, that it would appear from the statute controlling appeals in paternity cases (§ 26-17-20), as well as Alabama Rules of Juvenile Procedure, that there is no jurisdictional requirement that the filing fees be paid at the time the notice of appeal is filed. We further note the case ofFinch v. Finch, 468 So.2d 151 (Ala. 1985), where the supreme court held that the payment of filing fees within the time allowed for an appeal is not a jurisdictional requirement for perfecting an appeal.
Nevertheless, because of Mason's failure to timely file his notice of appeal with the clerk of the circuit court in accordance with the statute, the circuit court's jurisdiction never attached, and the circuit court properly dismissed the appeal.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.