L. CHARLES WRIGHT, Retired Appellate Judge.
In August 1991 B.R. (mother) filed a complaint seeking an adjudication of paternity, alleging that S.M. was the father of her illegitimate son, Z.I.R. The child was added as a party, and a guardian ad litem was appointed to represent him. On August 17, 1992, the action was dismissed with prejudice. The dismissal was based on the mother’s failure to comply with the court’s discovery orders.
*625 On August 31,1992, the child’s guardian ad litem filed a posttrial motion, requesting the court to set aside the dismissal. The guardian alleged that the mother was in full compliance with the discovery orders. Following a hearing, the motion was denied on September 10, 1992.
The guardian filed a second posttrial motion on December 3, 1992, requesting that the dismissal be set aside. The motion alleged that the proceedings were tainted because there was no “representation of the State of Alabama” as provided for in § 26-17-7, Code 1975. The motion was denied on December 11, 1992. Notice of appeal was filed on December 23, 1992.
The dispositive issue is whether this ease is due to be dismissed for failure to file a timely notice of appeal.
Rule 28, AR.Juv.P., governs the time for filing an appeal in this instance. That rule provides that notice of appeal to this court from cases arising out of the juvenile court’s jurisdiction must be filed within fourteen days after the judgment on the merits or a ruling on any posttrial motion. Gardner v. Buycks, 479 So.2d 59 (Ala.Civ.App.1985).
The court dismissed the action on August 17, 1992. The guardian’s first posttrial motion was timely filed on August 31, 1992. The motion was denied on September 10, 1992. No appeal was taken from that denial.
The guardian’s second posttrial motion, entitled “Motion to set aside order,” was filed in December 1992. On appeal, the guardian would have us construe the second posttrial motion as a Rule 60(b)(6), AR.Civ.P., motion and find the appeal of that denial to be timely. We decline to construe the motion in such a fashion. The guardian was aware of, or should have been aware of, any failure to comply with statutory requirements well before the first posttrial motion was filed. The allegations of the second posttrial motion are not premised on any exceptional circumstances which would support a Rule 60(b)(6) construction. Ex parte Dowling, 477 So.2d 400 (Ala.1985). We view the second posttrial motion as an attempt by the guardian to resurrect his right to a timely appeal. In the usual case, subsequent posttrial motions may not be used for such purposes. Dowling.
The first posttrial motion was denied on September 10, 1992. The time for appeal expired on September 24, 1992. The second motion filed in December did not extend the time for appeal. The guardian did not file an appeal until December 23, 1992. We dismiss the appeal as untimely. Payne v. City of Athens, 607 So.2d 292 (Ala.Civ.App.1992).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.