This is an unemployment compensation case.
Josephine Burgess appeals from an order granting a motion for summary judgment in favor of the State Department of Industrial Relations (Department) and the Bowles Group, Inc.
Our review of the record reveals the following: Burgess filed a claim for unemployment benefits, and her claim was denied by the Department. Burgess appealed to the appeals referee, who held a hearing. After this hearing, the appeals referee mailed an adverse decision to Burgess. The appeals referee's decision, pursuant to Ala. Code 1975, §§ 25-4-92 through -93, clearly set out July 26, 1993, as the final date on which Burgess could file an application for leave to appeal the adverse decision with the board of appeals for the Department.
On July 23, 1993, Burgess mailed an application for leave to appeal the denial of her claim for unemployment compensation benefits to the board of appeals for the Department. This application for leave to appeal was not received by the Department until July 28, 1993. The board of appeals for the Department denied the appeal as untimely.
Burgess filed a petition for judicial review in the circuit court, pursuant to Ala. Code 1975, § 25-4-95. The Department filed a motion for summary judgment, with supporting documentation. After a hearing, the circuit court entered an order granting the motion for summary judgment on the basis that the appeal to the board of appeals for the Department was untimely.
Burgess appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in granting the motion for summary judgment in favor of the Department on the basis that the appeal to the board of appeals for the Department was untimely.
Burgess argues that she mailed the application for leave to appeal on July 23, 1993, and that she should not be penalized for untimely execution of the mail. *Page 1368 
We note that it was undisputed that the last day for appeal, pursuant to §§ 25-4-91(d)(1) and -92(c), was July 26, 1993, and that the application for leave to appeal was not received by the Department until July 28, 1993.
It is well settled that an appeal is not a matter of vested right but is by the grace of statute and must be perfected pursuant to the time and manner prescribed in the controlling statute. Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978). The appeal must be dismissed if the requirements of the controlling statute are not met. Moutry, 359 So.2d 388.
Section 25-4-91(d)(1) provides, in pertinent part:
 "Unless any party to whom notice of determination is required to be given shall . . . within 15 calendar days after such notice was mailed . . . file an appeal from such decision, such decision shall be deemed final."
(Emphasis added.)
Section 25-4-92(c) provides, in pertinent part:
 "The decision of an appeals tribunal shall become final 15 days after notice of such decision has been mailed . . . unless within that time application be made to the board of appeals for permission to appeal to the board of appeals."
This court has previously held that the controlling statutes in unemployment compensation cases require the timelyfiling of a notice of appeal. Davis v. Alabama Dep't ofIndustrial Relations, [Ms. AV92000764, February 25, 1994] ___ So.2d ___ (Ala.Civ.App. 1994); Haigler v. Dep't of IndustrialRelations, 512 So.2d 113 (Ala.Civ.App. 1987). A document has not been filed until it has actually been received; mere mailing is not enough. Moutry, 359 So.2d 388.
This court recognized that this might seem to be a harsh result and stated the following in Haigler, 512 So.2d at 115:
 "Though the result may seem somewhat harsh and unemployment compensation law is to be construed liberally, the courts are not authorized to extend a time period that is statutorily mandated where the procedure is exclusive."
In view of the fact that no genuine issue of a material fact existed and that the Department was entitled to a judgment as a matter of law, the circuit court did not err when it granted the motion for summary judgment in favor of the Department.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.