RICHARD L. HOLMES, Retired Appellate Judge.
In September 1996 the City of Mobile (City) terminated the employment of John Van, Jr., and Joe Reiser, Jr. (employees). Both employees timely appealed their grievances against the City, as well as their suspensions and subsequent dismissals, to the Mobile County Personnel Board (Board). The Board consolidated the cases and held a hearing in November 1996. All parties were represented by counsel at the hearing.
The Board issued an order, dated November 21, 1996, denying the employees’ grievances and upholding the employees’ suspensions and subsequent dismissals. By a letter dated November 27, 1996, the employees notified the' Board of their intent to appeal to the circuit court.
The employees filed with the circuit court a motion to certify the record. The Board and the City filed a motion to dismiss, arguing that because the appeal was not timely filed, the trial court did not have jurisdiction to consider the appeal.
The trial court issued an order, granting the motion to-dismiss. The trial court found that it did not have jurisdiction to consider the appeal because it was untimely filed.
The employees filed. post-judgment motions, which were denied. The employees appeal.
The dispositive issue is whether the trial court erred when it granted the Board’s and the City’s motion to dismiss on the grounds that the appeal was untimely filed.
It is well settled that an appeal is not a matter of vested right but is by the grace of statute, and it must be perfected pursuant to the time and manner prescribed in the controlling statute. The appeal must be dismissed if the requirements of the controlling statute are not met. Burgess v. State Dep’t of Industrial Relations, 637 So.2d 1366 (Ala.Civ.App.1994).
In Moutry v. State, 359 So.2d 388, 390 (Ala.Civ.App.1978), this court stated the following, in pertinent part:
“Filing of the statutory notice of appeal with the circuit court is necessary to perfect the appeal and is therefore jurisdictional. We have no alternative but to find that an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the court.”
We would note that Section XXXIV of Act No. 470 of the 1939 Local Acts of Alabama states the following, in pertinent part:
“Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board, by filing notice thereof with Board, whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said court.”
(Emphasis added.)
The Board’s order was dated November 21, 1996. In order to meet the requirement of filing' the notice of appeal “within five days” of the Board’s order, the employees should have filed their notice of appeal with the Board by November 26, 1996. As previously noted, the employees notified the Board, in a letter dated November 27, 1996, of their intent to appeal to the circuit court. Consequently, the employees failed to timely appeal the Board’s November 21, 1996, order.
The employees argue that because Section XXXIV of Act No. 470 is silent as to the computation of time, Rule 6, Ala. R. Civ. P., should control. We would note that Rule 6(a), Ala. R. Civ. P., states the following, in pertinent part: ‘When the period of time *467 prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.”
However, we would also note that Rule 81(b), Ala. R. Civ. P., states the following, in pertinent part:
“These rules are not applicable to any proceeding in which the adjudication of the controversy is by any selected individual or individuals, by any official or officials, or by an administrative agency or official body of any kind, other than the courts enumerated in Rule 1.”
(Emphasis added.) Consequently, Rule 6, Ala. R. Civ. P., does not apply to the computation of time in the present case.
The employees also contend that" Section XXXIV of Act No. 470 is facially invalid because, they say, it disregards notice. However, our review of the record fails to reveal that the employees served notice on the attorney general, as required by Ala. Code 1975, § 6-6-227. As our supreme court stated in Mathews Realty Co. v. Dennis, 549 So.2d 481, 482 (Ala.1989):
“[S]erviee on the attorney general, pursuant to § 6-6-227, is mandatory and jurisdictional.
“Because Mathews Realty never served the attorney general as required, by § 6-6-227, the issues raised by this appeal are not properly before this Court. Therefore, the appeal is due to be dismissed.”
(Citations omitted.)
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.