NATIONAL VULCANIZED FIBRE COMPANY, a corporation of the State of Delaware, Appellant, v. UNEMPLOYMENT COMPENSATION COMMISSION OF THE STATE OF DELAWARE and GRACE D. PLUMMER, Appellees.

(*July* 2, 1951.)

TERRY, J., sitting.

*James R. Morford* and *Morton E. Evans* (of the firm of Morford, Bennethum, Marvel and Cooch) for the appellant.

*William E. Taylor, Jr.*, for the appellee.

Superior Court for New Castle County, No. 606, Civil Action, 1949.

TERRY, J.:

This case concerns an appeal by National Vulcanized Fibre Co., a corporation of the State of Delaware, from a decision of the Unemployment Compensation Commission of the State of Delaware and Grace D. Plummer on the application of Grace D. Plummer for unemployment compensation, being Appeal Docket No. 2771-A.

The co-appellee, Grace D. Plummer, had been employed by the appellant at its Yorklyn plant for approximately four years prior to January, 1949. She had been working in the No. 2 Mill of the appellant where work had become slack, and, in order to avoid discharging any of the employees, arrangements were made with the consent of the Union and with due regard to seniority to transfer certain of the employees, of which she was one, to the No. 1 Mill, located directly across the road from the No. 2 Mill. There was no difference in the rate of pay or the conditions of work as to Mills No. 1 and 2, except employees

working in Mill No. 1 worked on a shift basis; that is, in alternate weeks the employees worked from 8 a.m. until 4 p.m. and from 4. p. m. until 12 o'clock midnight. The appellant and the Union agreed that in case any employee thus transferred was unable to arrange to work in the alternating shifts he or she would be discharged. Mrs. Plummer's husband was also employed by the appellant in the capacity of a foreman, and, as such, it was impossible for him to change his time of work to coincide with her new assignment. It became necessary, therefore, for Mrs. Plummer to make arrangements with someone other than her husband to ride from her home near Cochranville, Pennsylvania to the Yorklyn plant, a distance of some seventeen miles each way. Arrangements for her transportation were made by her with Garney Dollinger. On January 23rd, immediately prior to the transfer of Mrs. Plummer from Mill No. 2 to Mill No. 1, Mr. Dollinger called her and stated that he would be unable to provide her with transportation. On January 24th, Mrs. Plummer notified her foreman at the appellant's plant that she would be unable to come to work inasmuch as there was no means of transportation available to her. On January 25th Mrs. Plummer was discharged by the appellant in accordance with its agreement with the Union.

Mrs. Plummer filed an application with the Unemployment Compensation Commission, the co-appellee, for compensation. A hearing was had by the Claims Deputy, who on March 3, 1949 determined that she was not entitled to compensation, and on that date addressed and signed a letter to Mrs. Plummer containing the following: "You are hereby notified of your right to appeal from this decision. Such appeal may be made to the local employment office named above within five days from the delivery or seven days after the mailing of this notification."

Personal delivery of the foregoing notice was not made. The same was mailed to Mrs. Plummer to her home address. She says she received the notice on March 7th, and, in accordance therewith, gave notice of appeal to the Claims Referee by letter dated

and mailed on March 10th, which letter was not received by the Commission until March 11th. The appellant contended before the Appeals Referee that if the notice of decision of the Claims Deputy was mailed on the 3rd day of March as indicated by the Commission then the letter of Mrs. Plummer dated March 10th, which it is agreed was not received by the Commission until March 11th, was not filed within the time specified and required under the Act. Sec. 6 (b), Chapter 258, Vol. 41 *Laws of Delaware*. Mrs. Plummer contended that the evidence supporting the mailing of the notice was not sufficient to establish a definite mailing of the same on March 3rd, but, if such be construed to establish the mailing of the notice on that date, then her appeal posted on the 10th of March was taken in season for the reason that it was posted within the seven day period as required by the statute.

The Appeals Referee concluded that Mrs. Plummer had filed her appeal within the seven day period required by the statute, heard the issues involved, and on May 5th denied Mrs. Plummer any benefits in the way of compensation for the duration of her period of unemployment immediately following her severance of employment with the appellant. The Referee merely modified the decision of the Claims Deputy in holding that Mrs. Plummer had not been discharged by the appellant, but, rather, had quit her job with the appellant voluntarily without good cause attributable to her employment. The notice of this decision was mailed to Mrs. Plummer on May 5th. Subsequent thereto Mrs. Plummer mailed two letters to the Commission. The first bears the date of May 10th, the second June 6th. It is conceded that these letters were intended as appeals by Mrs. Plummer to the Commission from the Referee's decision. On the bottom of the letter of June 6th appears the following notation without explanation: "Original appeal mislaid—Reg. Letter Rec'd. in this office—filed 11-49."

The appellant moved to dismiss Mrs. Plummer's appeal from the Referee to the Commission upon the ground of the

lack of jurisdiction in the Commission to entertain the same. The Commission denied the appellant's motion. Subsequently, a hearing was held by the Commission on the merits. The Commission reversed the decision of the Appeals Referee, holding that Mrs. Plummer was entitled to receive unemployment compensation benefits during the period of her unemployment, which commenced on January 24th. Notice of this decision was mailed to Mrs. Plummer on June 22nd.

From the foregoing decision the appellant has filed this appeal.

The appellant on the day fixed for argument advanced three contentions: (a) that the Appeals Referee was without jurisdiction to hear and determine the appeal from the Claims Deputy for the reason that said appeal was not filed in season; (b) that the Commission was without jurisdiction to hear and determine the appeal from the Appeals Referee for the reason that said appeal was not filed in season; (c) that in the light of the provisions of the Unemployment Act the Commission erroneously decided the case upon the merits. Upon a review of the proceedings below I found the record to be deficient in that it failed to show (1) when the notice dated March 3, 1949 of the Claims Deputy decision was mailed to the appellee, Grace D. Plummer; (2) when the appeal of the said Grace D. Plummer from the aforesaid decision of the Claims Deputy was filed; (3) whether the aforesaid appeal of Grace D. Plummer was timely; that is, in season in accordance with the applicable provisions of the statute. Because of the inadequacy of the record I continued the argument to a later date, and at the same time signed an order remanding the record to the Commission below directing the Commission to supply the deficiencies as indicated. The Commission subsequently held a hearing in accordance with the directions aforesaid. The findings of the Commission in respect to (1) and (2) aforesaid are as follows: "The notice dated March 3, 1949 of the Claims Deputy's decision was mailed to the claimant, Grace D. Plummer, at West Grove, Pennsylvania, prior to three

o'clock in the afternoon of that day. After the notice's arrival at the West Grove Post Office it was placed in the claimant's box and it was removed by her on March 7, 1949. The claimant's notice of appeal from the decision of the Claims Deputy was dated March 10, 1949 and was mailed to the Commission on that day by the claimant's husband at the Yorklyn, Delaware Post Office and was received by the Commission at its office in Wilmington on March 11, 1949.

As to (3), the Commission, after setting forth the language employed under 6(b) of the *Act*, which pertains to the filing of appeals, stated: "It is the opinion of the Commission that the claimant's appeal was filed within the time provided by this provision of the law. To hold otherwise would be a departure by the Commission from a long established practice of recognizing the date of mailing as the date of filing under this and other subsections of the law containing similar language * * *."

Upon completion of the record below the appeal was set down for further argument. I shall consider the appellant's contentions in the order of their appearance: First, was the appeal by Mrs. Plummer from the decision of the Claims Deputy to the Appeals Referee filed within the time designated under the provisions of Section 6(b) of the *Act?* The pertinent provisions of 6(b) are as follows: "* * * Unless the claimant or any such interested party, within five calendar days after the delivery of the deputy's notification, or within seven calendar days after such notification was mailed to his last-known address, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith. * * *".

In respect to this contention the appellant argues, since the Commission found as a fact that the decision of the Claims Deputy was mailed to Mrs. Plummer on March 3rd, that it was necessary for her to file her appeal to the Appeals Referee within seven calendar days from that date. It is said, since Mrs. Plummer's notice of appeal was not received by the Commission until

March 11th, although posted by her on March 10th, that the Appeals Referee lacked the essential jurisdiction to entertain the same for the reason that the appeal was not filed within the seven day period prescribed under the provisions of Section 6(b) as indicated.

Mrs. Plummer argues, first, that the record does not justify the finding by the Commission that the notice of decision by the Claims Deputy was mailed to her on March 3rd; second, she says even though the record should justify such a finding, nevertheless, the posting of her notice of appeal to the Commission on March 10th constituted a valid filing thereof under the provisions of Section 6(b) aforesaid. She says it is both arbitrary and somewhat naive to suggest that a statute which authorizes the Commission to give notice by mail and makes no provision concerning the actual receipt of such notice by a claimant should be construed to require the claimant to give a notice by the same statute in a form which would impose a greater burden than is imposed upon the Commission. Therefore, since the statute authorizes the counting of the period for appeal from the date of the Commission's mailing of its notice of decision it is only reasonable to determine the timeliness of a claimant's notice of appeal from the date when such notice of appeal was posted.

The enactment of our *Unemployment Act* is but another step in the field of local legislation designed to protect the laboring man from the dire pitfalls of what is commonly called a layoff not occasioned by any fault on his part but due in the main to the slacking down or closing out from time to time in certain fields of industry. If this *Act* is to be successfully administered the provisions thereof must be liberally construed; otherwise, the underlying purpose of its creation will be defeated. Conceding what I have just said to be the true apprehension of the purpose desired, nevertheless, it should not be said that industry can be ignored. Its contribution alone, notwithstanding other restrictions or obligations that might appear unqualifiedly, render

to it the right to be heard upon any question in which it is directly interested.

The present contention does not relate to the substantive provisions of the *Act;* rather, the problem is procedural only and has to do solely with the question of jurisdiction which must be determined in the light of a proper construction to be given the language employed under Section 6(b) of the *Act.*

■ The Commission found as a fact that the Claims Deputy mailed a notice of his decision to Mrs. Plummer on March 3rd. Since there is evidence in the record from which such an inference of fact could be fairly drawn, the Commission's finding in this respect will not be disturbed on appeal. *Le Tourneau v. Consolidated Fisheries Co.,* 4 *Terry* 540, 51 *A.* 2d 862. Now having established the date of the mailing of the notice of the Claims Deputy's decision to Mrs. Plummer the question is: Was Mrs. Plummer's notice of appeal to the Claims Referee posted on the 10th of March but not received by the Commission until the 11th of March filed within the seven days prescribed under the provisions of Section 6(b) aforesaid?

■ The Commission's ruling that the appeal to the Appeals Referee was timely, since it was posted within the seven days as indicated under Section 6(b), is predicated only upon an established practice by the Commission of recognizing the date of mailing as the date of filing. Administrative practice, if not properly conceived, can never ripen into a rule of procedure if the result accomplished be in derogation of the proper construction to be given the language employed.

Mrs. Plummer's contention that, since the Legislature provided for the appeal period to commence on the date that notice of the decision appealed from was mailed to the party appealing, the words "files an appeal from such decision." as used in Section 6(b) should be interpreted to require only a mailing of the appeal within the seven days is without merit. If the Legislature had so intended the word "files" to mean "mail" it could

have easily said that an appeal mailed within the seven days would meet the requirement. Instead, however, the statute provides that unless the party appealing "files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith." To file is to deliver a paper or instrument to the proper officer or officers so that it is received to be kept on file or among the records of office. Webster's New International Dictionary, Second Edition, Unabridged; *Emil H. Broshjeit v. Admr. Unemployment Compensation Act* No. 74,-467 Superior Court (New Haven County) Conn.; *Prentice Hall Unemployment Insurance Service* ¶26,691 (1950); *C. C. H. Unemployment Insurance Service* ¶8268 (1950).

█ It is my conclusion that the appeal in the present case from the Claims Deputy was not filed merely by mailing it to the Commission on March 10th. Actual delivery to the proper officer or officers of the Commission within the time specified was essential. The contemplated appeal of Mrs. Plummer from the decision of the Claims Deputy was not taken in season, and, by reason thereof, the Claims Referee never acquired the essential jurisdiction to hear and determine the appeal.

There is no necessity at this time to consider other reasons advanced by the appellant as to why the Commission's decision should be reversed.

The decision of the Commission is reversed. The decision of the Claims Deputy should be reinstated.

An order will be entered accordingly.