This is an unemployment compensation case.
Olsen (claimant) filed a claim for unemployment compensation in August 1981. A determination favorable to the claimant was made on the claim and notice of that determination was mailed to the employer, Moffat Road Veterinary Clinic. The employer contends that upon receiving the notice of determination, Dr. George, operator of the clinic, immediately wrote a letter stating that the employer was appealing the determination pursuant to §25-4-91 (e)(1), Ala. Code (1975), and mailed the appeal within the fifteen-day period provided by the statute. According to its records the Department of Industrial Relations (Department) never received the letter and when the statutory time passed, the Department ruled that the determination had become final.
The employer thereafter requested a redetermination hearing pursuant to § 25-4-91 (c), Ala. Code (1975), based on the grounds that the claimant had misrepresented the facts of her claim. The employer also requested a hearing on the merits.
The appeals referee ruled that the employer was not entitled to a hearing on the merits because the claim had become final and denied a redetermination of the claim finding that the claimant had not misrepresented any facts.
The employer appealed the appeal referee's decision to the board of appeals which affirmed the referee's decision. The employer then appealed to the Circuit Court of Mobile County.
The only issue decided by the circuit court was whether the employer did in fact mail the letter and whether that action constituted "filing an appeal" from the notice of determination according to the provisions of § 25-4-91 (e)(1), Ala. Code (1975). The pertinent part of § 25-4-91 reads:
 "(e) Finality of determinations and notice of payment.
 "(1) Unless any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final. . . ."
The employer alleged that he had mailed the appeal to the Department within the fifteen-day time limit. It was stipulated that the Department's records would show that the appeal was not received.
After the hearing, the trial court ruled that the employer did mail the appeal within the time limit and that action satisfied the "filing" requirement of § 25-4-91 (e)(1). Accordingly, the trial court remanded the case back for a hearing on the merits in the administrative agency.
The Department and the claimant now appeal the trial court's ruling. *Page 973 
The dispositive issue on appeal is whether the employer timely "filed" his appeal where the employer's notice of appeal was mailed within the statutory time but never received by the Department. In other words, we are called upon to determine the meaning of the word "file" as it is used in § 25-4-91 (e)(1), Ala. Code (1975).
The word "file" has never been defined in the context of §25-4-91.
Based upon consideration of several factors, we find that merely mailing notice of appeal within the time is not a "filing" as intended by § 25-4-91 (e)(1). The historical definition of the word in other areas of the law, the definition other jurisdictions apply in connection with unemployment compensation laws, and the context in which the word is used in relation to Alabama's unemployment compensation laws lead us to the conclusion that the notice of appeal must be received to be considered "filed."
At the outset we note that a statute will be given its plain meaning and the language in a statute should be considered to mean what it says. Ex parte Madison County, 406 So.2d 398 (Ala. 1981); Quick v. Utotem of Alabama, Inc., 365 So.2d 1245
(Ala.Civ.App. 1979).
Historically, the word "file" has been consistently defined as requiring that the paper to be filed be placed in the custody of or delivered to the proper official. Covington Bros. Motor Co.,Inc. v. Robinson, 239 Ala. 226, 194 So. 663 (1940) (filing amendment to schedule of creditors in bankruptcy proceedings);Falley v. Falley, 163 Ala. 626, 50 So. 894 (1909) (filing written request to have divorce case adjudicated during court vacation);Phillips, Goldsby Blevins v. Beene's Administrator, 38 Ala. 248
(1862).
More recent cases also apply the traditional definition of "file." Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978) deals with a statute regulating notice of appeal in paternity proceedings. There it was ruled that filing, as contemplated by the statute in question, is not complete until the notice is delivered to the proper filing officer. "A document has not been filed until it has actually been received by the court; mere mailing is not enough." Moutry v. State, 359 So.2d 388, 390
(Ala.Civ.App. 1978). See also Holmes v. Powell, 363 So.2d 760
(Ala. 1978) (dismissal of appeal in boundary dispute mailed within time but received one day late); Crawford v. Ray PearmanLincoln Mercury, 420 So.2d 269 (Ala.Civ.App. 1982) (appeal to circuit court from district court judgment dismissed when filed one day late).
The Supreme Court of Alabama has also addressed the question of whether mailing within the time constitutes a "filing." In reState, ex rel. Attorney General, 185 Ala. 347, 64 So. 310 (1914), the Court held that an application for rehearing in an appellate court that was mailed and reached the clerk's office a day late was not properly filed according to the statute. The Court went on to state that the mail is only the agent or agency of the party applying for rehearing and the chance of delay is always a contingency, the happening of which the applicant must assume. Also, in Ex parte State ex rel. Breitling, 221 Ala. 398,128 So. 788 (1930), the Supreme Court held that the word "file" in the statute providing for commencement of a suit on "filing" a complaint requires delivery to the official required to file papers. In Breitling the complaint was placed in the court clerk's mail box where it remained until time had lapsed.
We feel obligated to caution at this point that we in no way are dealing with the merits of the case at bar in relation to the merits of the cases cited above. We discuss these cases only for historical and definitional purposes.
A majority of other jurisdictions agree that the definition of filing requires delivery to the proper official. See 16A Words 
Phrases File (perm. ed. 1959). The Delaware case, NationalVulcanized Fibre Co. v. Unemployment Compensation Commission,46 Del. 229, 82 A.2d 725, 726 (1951), is representative and almost identical factually to the present case. The Delaware statute in effect at the time required that: *Page 974 
 "Unless the claimant or any such interested party, within five calendar days after the delivery of the deputy's notification, or within seven calendar days after such notification was mailed to his last known address, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith."
In National Vulcanized Fibre, the claimant posted her notice of appeal on the last day of the time period, but it was not received until the day after. The Delaware Court rejected the claimant's argument that because the statute authorizes the unemployment commission to give notice by mail and makes no provision concerning actual receipt, the claimant should not have a greater burden than the commission in appealing and the words "files an appeal" should require only a mailing within the prescribed time. The Delaware Court reasoned that had the legislature intended the word "file" to mean "mail" it could have easily provided that an appeal mailed within the time would meet the requirements. The Delaware court defined "file" as "to deliver a paper or instrument to the proper officer or officers so that it is received to be kept on file or among the records of office."
Considering the use of the word in the context of Alabama's statute, it appears that "files" requires receipt of the appeal within the time limit. The legislature provided in § 25-4-91 that an interested party has seven days from the delivery of notice within which to appeal. It further provided that where notice is mailed, the interested party has fifteen days to appeal. It appears to this court that the extra days are allowed when the mail is used in order to give the interested party sufficient time to receive the notice of determination and perfect an appeal. To now hold that the appeal is filed when mailed would be to, if effect, extend the time provided by the statute. This is so especially since the legislature recognized that use of the mails should allow a longer time period in which to appeal.
In view of the above, the employer's appeal of the director's determination of the claim was not timely filed. Therefore, we find that the learned trial judge erred in determining as a matter of law that mailing the appeal within the time limit constitutes a filing as intended by § 25-4-91, Ala. Code (1975).
Needless to say, we should not be understood as holding that an appeal under § 25-4-91 can never be mailed, only that it must be received within the time limit.
This case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.