In March 1986, Apdellia Haigler was terminated from her employment as a nursing assistant with the Montgomery Health Care Facility. Haigler filed for unemployment compensation, but was denied benefits by an appeals referee decision on April 25, 1986. In order to appeal this decision, Haigler was required to file an application for leave to appeal with the Board of Appeals (Board) of the Department of Industrial Relations (Department) on or before May 12, 1986. In a letter dated May 7, 1986, Haigler's Legal Services paralegal mailed a letter appealing the appeals referee's decision to the Board. The envelope containing the appeal was postmarked May 13, 1986, and was not received by the Board of Appeals until May 14, 1986. The Board denied Haigler's appeal as untimely filed. Haigler then filed a complaint and notice of appeal in the Circuit Court of Montgomery County. The Department moved for summary judgment and to dismiss. On August 26, 1986, the circuit court entered a summary judgment in favor of the Department. Haigler appeals the judgment of the circuit court, and we affirm.
The pertinent statute regarding the procedure to appeal the decision of an appeals referee to the Board is Code 1975, §25-4-92(c), which reads as follows:
 "The decision of an appeals tribunal shall become final 15 days after notice of such decision has been mailed, postage prepaid, to the claimant and other parties to the proceedings, at the addresses furnished, or, if none shall have been furnished, at their last known addresses, unless within that time application be made to the board of appeals for permission to appeal to the board of appeals."
The Board of Appeals' decision on application to appeal stated that, under the above provision, the Board had no statutory power to affirm, modify, or set aside the decision of the appeals referee, as it became final prior to the time the application for appeal was received. The circuit court agreed and, finding no disputed facts, granted defendant's motion for summary judgment.
The appellant contends that the question in this case is whether the timely filing of a notice of appeal with the Board of Appeals in an unemployment compensation case is a jurisdictional prerequisite to the filing of a subsequent appeal in circuit court. Appellant argues that, as long as notice of appeal is timely filed in circuit court, then the court has jurisdiction over the case and may consider whether the late filing with the Board of Appeals should be excused on equitable grounds. The Department contends that the notice of appeal was not timely filed because it was not received by the Board within fifteen days after the decision of the appeals referee. We find meritorious the Department's argument that the appeal procedure in this case is exclusive and Alabama's unemployment compensation law does not contain a good cause exception based upon equity. Code 1975, § 25-4-96, provides:
 "The procedure provided in this article for the making of determinations with respect to claims for unemployment compensation benefits and for appealing from such determinations shall be exclusive."
The trial court, in granting summary judgment, noted that the case at hand is controlled by interpretation of statute and the courts of Alabama have interpreted the statute in question to require the timely filing of a notice of appeal. The law of Alabama has traditionally found that filing is not complete until notice is delivered and that "mere mailing is not enough." Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978). Alabama courts have further stated that the mail is only an agent of the party *Page 115 
involved and the chance of delay is always a contingency, the happening of which an applicant must assume. Olsen v. MoffatRoad Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App. 1983).
Though the result may seem somewhat harsh and unemployment compensation law is to be construed liberally, the courts are not authorized to extend a time period that is statutorily mandated where the procedure is exclusive.
Summary judgment was properly granted in favor of the Department. The facts in this case were undisputed and, as required in Alabama, the moving party was entitled to judgment as a matter of law. Johnson v. State Department of IndustrialRelations, 447 So.2d 747 (Ala.Civ.App. 1983).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.