HOLMES, Judge.
This is an unemployment compensation case.
The employee’s claim for unemployment compensation was denied by the Department of Industrial Relations (Department). The denial notice was apparently mailed to the employee on April 15,1987. His subsequent appeal before the Department was dismissed as being untimely filed. When the employee appealed to the circuit court, the Department moved for summary judgment on the ground that there was no genuine issue as to the untimeliness of his filing of an appeal with the Department. The trial court granted that motion for summary judgment and dismissed the employee’s cause of action.
The employee appeals and we affirm.
The dispositive issue is whether the trial court erred in granting the Department’s motion for summary judgment.
In its order granting the Department’s motion for summary judgment, the trial court made the following pertinent findings:
*1344 [Tjhe Plaintiff contends that he was suffering from a mental disability when he went into the unemployment compensation office five days after he received the notice, and, therefore, a constructive appeal should be allowed on the basis of his mental disability. Also, ... the Plaintiff contends he did not file his appeal because of an expression of opinion by a Department of Industrial Relations’ representative which is not admitted as true by the Department, but Plaintiff’s statements must be considered as true in the procedural posture of this case as it is submitted to this Court on the Defendant’s motion. It is admitted by the Plaintiff that he knew he had fifteen days to appeal. Although the Plaintiff contends he was under a mental disability when he visited the unemployment compensation office at the earliest on April 21,1987, by his own dates, yet the doctor’s statement submitted by him shows conclusively that as of that date (April 21, 1987) his condition had stabilized and he was able to perform his usual duties with proper medication and counselling. Plaintiff’s sworn testimony before the appeals referee indicates that the Department of Industrial Relations’ representative never refused to file his appeal nor told the Plaintiff he could not file an appeal and merely expressed an opinion as to whether he would prevail or not. Plaintiff still had nine days after he left the unemployment compensation office on April 21, 1987, in which to change his mind if he wanted to appeal.” (Emphasis supplied.)
It was not until June 9, 1987, however, that the employee contacted his attorney of record, who then went with him to the unemployment compensation office where an appeal was filed.
Under Alabama statutory law and the facts of this case, the employee had until April 30, 1987, to file an appeal with the Department, contesting the denial of his claim for unemployment compensation.
We recently held in Haigler v. Department of Industrial Relations, 512 So.2d 113, 114 (Ala.Civ.App.1987), that “Alabama’s unemployment compensation law does not contain a good cause exception based upon equity.” In that case we recognized that such a rule might lead to harsh results, but we also noted that “the courts are not authorized to extend a time period that is statutorily mandated.” Hai-gler, 512 So.2d at 115.
As indicated, the employee did not properly file his appeal with the Department within the period of time as set out in Ala.Code (1975), § 25-4-91(d)(l) (1986 Repl. Vol.).
As to the employee’s contention that his appearance at the Department’s office on or about April 21,1987, should be regarded as a constructive filing of his appeal within the statutorily mandated period time, the trial court held as follows:
“The Court determines that an expression of opinion by an employee of the Department of Industrial Relations under the facts of this case cannot excuse an untimely appeal. See Johnson v. Caldwell, 148 Ga.App. 617, 251 S.E.2d 837 (1979). The Plaintiff has received and signed several documents which clearly explained the time limits for appeal of the initial determination. Furthermore, the appeal time cannot be extended for good cause based upon equity as the procedure in the unemployment compensation law for appealing determinations is exclusive.”
Accordingly, the trial court found there to be no genuine issue of material fact and determined that the Department was entitled to a judgment as a matter of law. The trial court, therefore, granted the Department’s motion for summary judgment. We concur in that judgment.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.