HOLMES, Judge.
This case involves unemployment compensation.
The trial court found that the employer had complied with the filing requirements of the applicable unemployment compensation statute and was thus entitled to a “rehire credit” for rehiring several employees who had earlier been laid off from their jobs.
The Alabama Department of Industrial Relations (Department) appeals. We reverse and remand.
The issue is whether the employer complied with the requirements of § 25-4-54(c)(3), Ala.Code (1975) (1986 Repl. Vol.), by timely filing its notice with the Department regarding the rehire credit.
The statute reads in pertinent part as follows:
“(3) Notwithstanding any inconsistent provisions of this chapter, if, after the last day of any claimant’s benefit year but within the 60 days next follomng thereafter or within 60 days next following notice to the employer of benefit wage charges made as a consequence of such claimant’s receipt of benefits, whichever is the later, an employer for whom benefit wage charges made as a consequence of such claimant’s receipt of benefits files a written notice in such manner as the director shall prescribe, stating that he had reemployed such claimant within the claimant’s benefit year, ... the employer’s benefit wage record shall bb\credited_”
(Emphasis supplied.)
The record reveals that the only time in which the employer could have timely filed for a rehire credit, pursuant to the statute, was the sixty-day period from September 15, 1985, through November 14, 1985. That is, the employer laid off several employees on September 15, 1984. Those employees were rehired shortly thereafter. The last day of those employees’ benefit year was September 15, 1985. Thus, to meet the filing requirements of the statute, the employer would have had to file its notice regarding the rehire credit within sixty days of that date.
The record shows, and the trial court found, that, although the employer did mail such notice within the required period of time, the notice was never received by the Department.
We have recently had occasion to restate the well-settled principle that “filing is not complete until notice is delivered and that ‘mere mailing is not enough.’ ” Haigler v. Department of Industrial Relations, 512 So.2d 113, 114 (Ala.Civ.App.1987). See also Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App.1983).
Thus, applying the established law to the facts as found by the trial court in this case, the trial court should have found that the employer did not comply with the statutory requirements and was not entitled to a rehire credit for the employees in question. Insofar as the trial court misapplied the applicable law to the facts of the case before it, it erred. See State Department of Industrial Relations v. Montgomery Baptist Hospital, Inc., 359 So.2d 410 (Ala. Civ.App.1978).
In its judgment, however, the trial court gave the following reason for finding in favor of the employer:
“Given the beneficent purpose of the rehire credit provision, to encourage reemployment, and, ... ‘to give the employer a tax break,’ where the Department has received actual notice in writing of the claim for rehire credit, it should not be *636 allowed to take advantage of a hyper-technical construction of the statute to deny the credit to which the employer is obviously entitled.”
The “actual notice” referred to was a letter sent by the employer to the Department on February 26, 1985, noting the dates when the employees who had been laid off were rehired. Even if that “letter” had met the formal requirements mandated by Department regulations, it would still have been untimely filed since it was filed well before the sixty-day period provided in the statute as the period within which timely filings could be made.
Had the letter in question been mailed during the sixty-day period, we would have been faced with a much different question, despite the fact that the letter may not have met the formal requisites of the Department’s regulations.
Thus, in holding that the employer did not meet the requirements of the statute in this case, we are not to be understood as suggesting what type of notice would be sufficient under the statute if it were filed and received within the designated sixty-day period beginning with the last day of the claimant’s benefit year. We cannot help noting that, while we are sympathetic to the trial court’s reasoning based upon the purpose of the law in question, nevertheless, “the courts are not authorized to extend a time period that is statutorily mandated where the procedure is exclusive.” Haigler, 512 So.2d at 115.
In view of the above, this case is due to be reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.