ROBERTSON, Presiding Judge.
Rebecca S. Davis appeals from a summary judgment entered in favor of the board of appeals of the Alabama Department of Industrial Relations.
In February 1992, Davis resigned from her employment as a teacher with the Franklin County Board of Education. She later filed for unemployment compensation benefits with the Department of Industrial Relations (DIR). However, the appeals referee for DIR found that Davis was disqualified from receiving unemployment benefits on the ground that she had voluntarily left her job without good cause. The decision of the appeals referee was mailed to Davis on November 17, 1992. The decision included a statement notifying her that the referee’s determination would become final unless the board of appeals (board) for DIR received, on or before December 2, 1992, an application for permission to appeal to the board. Davis mailed a notice of appeal to the Franklin County Board of Education on November 24, 1992, which the record reflects was received on November 27, 1992, and allegedly mailed the notice of appeal to the board on November 24, 1992.
While inquiring about the status of Davis’s appeal in early January 1993, Davis’s attorney was informed by a DIR employee, Vicki Vinson, that she could not locate the notice of appeal. By a letter postmarked January 13, 1993, Davis’s attorney sent the board a copy of the notice of appeal and requested the board to file the copy if it could not locate the original. On January 29, 1993, the board denied Davis’s appeal on the ground that it was untimely, stating that the board had not received her notice of appeal until January 18, 1993, over a month after the determination of the appeals referee had become final.
On February 11, 1993, Davis filed in the Franklin County Circuit Court an appeal from the decision of the board or, in the alternative, a petition for a writ of certiorari, a writ of mandamus, or other appropriate remedy.
On March 3, 1993, DIR filed a motion for summary judgment, accompanied by affidavits and exhibits, asserting that the board of appeals did not receive a notice of appeal within the 15-day statutory time period. § 25 — 4—91(d)(1), Ala.Code 1975. Davis submitted a brief and affidavits in opposition to DIR’s motion.
*812 On June 1, 1998, after hearing arguments of counsel, the trial court entered a summary judgment for DIR. The trial court found “that [Davis’s] appeal of the decision of the appeals referee was not completed until notice of appeal was delivered to the Alabama Department of Industrial Relations, which was received after the time for appeal had expired.” Davis filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
Davis appeals, raising the issue of whether there was substantial evidence before the trial court to establish that her notice of appeal was received by the board of appeals within the statutory time period.
In reviewing a motion for summary judgment, the trial court is required to view the evidence, and all .reasonable inferences therefrom, in a light most favorable to the nonmovant. Hill v. Toyota Motor Corp., 585 So.2d 19 (Ala.1991). On appeal, we must view the evidénce in the same , manner as the trial court. Id. The burden is upon the moving party to establish that there is no genuine issue of material fact left for a jury’s determination and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Hill, supra.
Section 25 — 4—91(d)(1), Ala.Code 1975, provides that a claimant and other parties to the proceeding may, within 15 calendar days of the mailing of the decision of the referee, file appeal from such decision.
Davis contends that she presented substantial evidence that her notice of appeal to the board was mailed, correctly addressed and with postage prepaid, 8 days before the 15th day and was never returned to her. Davis argues that the mailing of the notice of appeal gives rise to a rebuttable presumption that the notice was received by the board. The general rule in Alabama is that a rebut-table presumption exists that a letter, mailed with postage prepaid and properly addressed, was received in due course by the addressee. Pittman v. Gattis, 534 So.2d 293 (Ala.1988). However, the presumption is only a rebuttable one and is not conclusive. Republic Steel Corp. v. Gilbert, 38 Ala.App. 227, 83 So.2d 370, cert. denied, 263 Ala. 700, 83 So.2d 374 (1955).
However, this presumption is not applicable to appeals to the board of appeals of DIR. Haigler v. Department of Industrial Relations, 512 So.2d 113 (Ala.Civ.App.1987). The filing is not complete until notice is delivered and mere mailing is not enough. Id. The trial court granted summary judgment in this ease on the authority of Haigler, supra.; Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App.1983); and Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). In Haigler this court stated:
“[T]he courts of Alabama have interpreted the statute in question to require timely filing of a notice of appeal. The law of Alabama has traditionally found that filing is not complete until notice is delivered and that ‘mere mailing is not enough.’ Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). Alabama courts have further stated that the mail is only an agent of the party involved and the chance of delay is always a contingency, the happening of which an applicant must assume. Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App.1983).
“Though the result may seem somewhat harsh and unemployment compensation law is to be construed liberally, the courts are not authorized to extend a time period that is statutorily mandated where the procedure is exclusive.”
512 So.2d at 114-115.
We find that the trial court’s summary judgment is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.