ROBERTSON, Presiding Judge.
Sybil Holman was appointed as a registrar for Crenshaw County pursuant to § 17-4-150(a), Ala.Code (Supp.1994), which provides that registrars are appointed “by the Governor, Auditor, and Commissioner of Agriculture and Industries, or by a majority of them acting as a board of appointment....” On July 1, 1993, after Jim Folsom became Governor, Holman was removed pursuant to § 17-4-151.
On July 11, 1993, Holman applied for unemployment compensation benefits, and on July 12, 1993, she was given notice that she was monetarily ineligible for unemployment compensation benefits because no wages or insufficient wages had been reported for her “base period employment.”
Approximately four months later, on November 15,1993, Holman appealed the denial of her claim for unemployment compensation benefits to the Department of Industrial Relations’ (DIR) appeals referee. Following a hearing, the appeals referee determined that Holman’s appeal was untimely. Holman appealed the referee’s decision to DIR’s Board of Appeals and the Board affirmed the referee’s decision. Holman then appealed to the Crenshaw County Circuit Court. On November 3,1994, DIR was granted a summary judgment on the ground that Holman’s initial appeal was untimely. Holman’s motion to alter, amend, or vacate the judgment was denied on January 5,1995.
Holman appeals, contending that the trial court erred in granting DIR’s motion for summary judgment. Specifically, Holman argues that there is a “good cause” exception to the timely filing of an appeal, and that the principle of equitable estoppel should be applied to prevent DIR from asserting that her appeal was untimely, because an employee of DIR had made statements to Holman that she would receive additional information concerning her claim.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
It is undisputed that Holman was appointed as a registrar. Section 17-4-151, Ala. Code 1975, provides:
“The registrars so appointed under this article may be removed at the will of the appointing board, or a majority of the members thereof, at any time, with or without cause, and without giving their reasons therefor; and if not so removed, the registrars may hold office for four years from the time of their appointment and until their successors are appointed.”
Section 17-4-154, Ala.Code 1975, states that “registrars are judicial officers and shall act judicially in all matters pertaining to the registration of applicants.” “Employment,” for purposes of unemployment compensation benefits, does not include “a member of the judiciary of this state or any of its political subdivisions.” § 25 — l-10(b)(21)c.2.(ii), Ala. Code (Supp.1994).
The legislature provided that registrars would be treated as state employees only for purposes of social security protection and benefits, § 17-4-153(c), (d), (e), and (f), Ala.Code (Supp.1994); however, the legislature did not include retirement benefits, worker’s compensation benefits, or unemployment compensation benefits. “Under the principle of expressio unius est exclusio alterius, a rule of statutory construction, the express inclusion of [a specific benefit] in the law implies an intention to exclude other [benefits] not so included. City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305 (1941); Hall v. Blan, 227 Ala. 64, 148 So. 601 (1933).” Jefferson County v. Alabama Crim *819 inal Justice Info. Ctr. Comm’n, 620 So.2d 651, 658 (Ala.1993).
The legislature provided that registrars could be removed from office at will, with or without cause; and if not removed, they may hold office for a term of four years and until their successors are appointed, § 17-4-151; that registrars are judicial officers of the counties (political subdivisions of the state), § 17-4-154; and that judicial officers are not eligible for unemployment compensation benefits, § 25—4—10(b)(21)c.2.(ii). It appears clear to this court that the legislature did not intend for registrars to be eligible to draw unemployment compensation either when they are removed at will or when their term of office ends. Otherwise, the legislature could have inserted “unemployment compensation benefits” in § 17-4-153(c), (d), (e), and (f), and could have deleted “judicial officers” from § 17-44L54. See Act No. 94-693, Ala. Acts 1994.
Consequently, we hold that DIR was entitled to a judgment as a matter of law because Holman, as a registrar, was statutorily ineligible for unemployment compensation benefits. Therefore, summary judgment was properly entered in favor of DIR and the trial court’s judgment is due to be affirmed. The law is well settled that a correct decision by the trial court will not be disturbed on appeal even if the court gives the wrong reasons. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990).
For judicial economy and in the event our Supreme Court disagrees with our interpretation of §§ 17-4-154 and 25-4-10(b)(21)c.2.(ii), we also address Holman’s contentions on appeal.
Holman argues that there is a “good cause” exception to a timely unemployment compensation appeal. However, this court has held on numerous occasions that there is no “good cause” exception based upon equity to a timely unemployment compensation appeal. Davis v. Alabama Dep’t of Indus. Relations, 641 So.2d 810 (Ala.Civ.App.1994); Burgess v. State Dep’t of Indus. Relations, 637 So.2d 1366 (Ala.Civ.App.1994); Kirk v. Dep’t of Indus. Relations, 521 So.2d 1343 (Ala.Civ.App.1988); and Haigler v. Dep’t of Indus. Relations, 512 So.2d 113 (Ala.Civ.App.1987).
Holman also argues that equitable es-toppel should be applied to prevent DIR from asserting that Holman’s appeal was untimely because an employee of DIR had made statements to Holman that she would receive additional information concerning her claim in the future. After reviewing the record, which is devoid of any evidence to support this contention, we cannot hold that the application of the doctrine of equitable estoppel is proper in this case. Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771 (Ala.Civ.App.1989).
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.