THOMPSON, Presiding Judge.
Jennifer Farley Smith appeals from a judgment of the Shelby Circuit Court (“the circuit court”) dismissing her appeal from a decision of the Alabama Department of Labor’s Board of Appeals (“the board of appeals”) on the ground that the circuit court lacked jurisdiction over the matter.
The record indicates the following. Smith began working as an administrative assistant for the City of Pelham (“the city”) on November 7, 2003. On October 1, 2015, Smith was discharged from her job with the city after an investigation' revealed that, during work hours with the city, she was using the city’s computer equipment and e-mail accounts to conduct business for her second job.
Smith applied for unemployment compensation with the Alabama Department of Labor (“ADOL”). On October 30, 2015, an ADOL examiner issued a notice of determination finding that Smith’s discharge from the city for the unauthorized use of city equipment constituted misconduct that disqualified her from receiving unemployment-compensation benefits for eight weeks and that warranted a reduction in the benefits she would be eligible to receive thereafter. Smith appealed the examiner’s decision, and an administrative-hearing officer conducted a hearing by telephone on December 14, 2015. On December 15, 2015, the hearing officer issued a decision in which he modified ADOL’s original determination and disqualified Smith from receiving any unemployment-compensation benefits in connection with the loss of her job with the city.
The hearing officer’s decision indicated that it was mailed to the parties and to Smith’s attorney on December 15, 2015. The decision also included the following language:
“APPEAL RIGHTS: This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at [the department’s telephone number] on or before the FINAL DATE OF December 30, 2015.”
(Emphasis and capitalization in the original.)
The parties agree that the board of appeals received Smith’s application to appeal on January 4, 2016. On January 8, 2016, the board of appeals entered a decision stating that, pursuant to § 25-4-92(c), Ala. Code 1975, because Smith had failed to file her application to appeal before the December 30, 2015, deadline, the board had “no statutory powers to affirm, modify, or set aside the decision of the [hearing officer] because it became final prior to the time your application for appeal was received.”
Smith appealed the board of appeals’ decision to the circuit court on January 29, 2016. On February 19, 2016, ADOL filed a motion to dismiss the appeal on the ground that her application to appeal to the board of appeals had been untimely. In response, Smith submitted an affidavit to the circuit court in which she stated that she had received the hearing officer’s decision on January 2, 2016.[1] After a hearing, the cir *185 cuit court found that it did not have jurisdiction over the matter and dismissed Smith’s appeal in a judgment entered on April 22, 2016. Smith then appealed to this court.
The only issue Smith raises on appeal is whether the circuit court correctly interpreted and applied the law governing appeals from administrative decisions of ADOL to find that the board of' appeals and, consequently, the circuit court did not have jurisdiction to consider her appeal from the hearing officer’s deéision. The propriety of the hearing officer’s decision is not before this court.
Ordinarily, when 'considering a motion to dismiss for failure to state a claim, if a trial court considers matters outside the pleadings, such as Smith’s affidavit, the motion to dismiss is converted to a motion for a summary judgment. See Price v. Alabama One Credit Union, [Ms. 2141012, June 17, 2016] — So. 3d -, - (Ala. Civ. App. 2016); and Drees v. Turner, 10 So.3d 601, 603 (Ala. Civ. App. 2008). However,
“[u]nlike a motion to dismiss pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.,] for failure to state a claim, a trial court may consider evidentiary matters submitted on a motion to dismiss attacking jurisdiction. Hutchinson v. Miller, 962 So.2d 884, 886 n. 2 (Ala. Civ. App. 2007). Therefore, the judgment disposing of Smith’s appeal can be reviewed as a Rule 12(b)(1) dismissal based on the trial court’s lack of jurisdiction. We review such a judgment in this matter de novo, without a presumption of correctness. Hill v. Hill, 89 So.3d 116, 118 (Ala. Civ. App. 2010).”
Johnson v. Dunn, 216 So.3d 1217, 1223 (Ala. Civ. App. 2016).
Smith contends that the time in which she had to appeal is governed by § 25-4-91(d)(1), Ala. Code 1975, which provides:
“Unless any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final.”
Smith argues that § 25—4—91 (d)(1) provides two “alternative” dates for filing an appeal to the board of appeals: 7 days from the date of delivery of the notice of the decision or, she says, 15 days from the date such notice was mailed. In this case, Smith says, "she filed her application to appeal the hearing officer’s decision within seven days of January 2, 2016—the date she says she received the hearing officer’s decision. Therefore, she contends, the circuit court erred in finding that her application to appeal was untimely.
We are not persuaded by Smith’s argument,
“ ‘Statutes are in pari materia where they deal with the samé subject. Kelly v. State, 273 Ala. 240, 139 So.2d 326 [ (1962) ]. Where statutes are in pari materia they should be construed together to ascertain the meaning and intent of each. City of Birmingham v. Southern Express Co., [164 Ala. 529, 538, 51 So. 159, 162-63 *186 (1909)]. Where possible, statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 [(1968)]; Walker County v. White, 248 Ala. 53, 26 So.2d 253 [ (1946) ].’
“League of Women Voters v. Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974).”
Ex parte Alabama Bd. of Cosmetology & Barbering, 213 So.3d 587, 590 (Ala. Civ. App. 2016).
The statute Smith relies on, § 25-4-91, governs “[determinations and redetermi-nations upon claims for benefits.” Specifically, it governs determinations by the initial examiner, that is, the person who initially makes a decision regarding a claim filed for unemployment-compensation benefits. There is no dispute that Smith filed a timely appeal of the examiner’s decision and that the review of that decision was heard by the administrative-hearing officer.
Section 25-4-92, Ala. Code 1975, governs the next step in the process of a disputed claim for unemployment benefits. That statute provides:
“(a) To hear and decide disputed claims and other due process cases involving a division of the Department of Industrial Relations, the director shall appoint one or more impartial appeals tribunals, consisting in each instance of an officer or an employee of the Department of Industrial Relations. The appeals tribunals shall be a separate division reporting to the director and shall be separate and apart from the direction and control of other divisions of the Department of Industrial Relations. No person shall participate in the hearing or disposition of any claim upon appeal thereof as an appeals tribunal, if he has an interest therein. At any such hearing all testimony shall be taken down, but need not be transcribed unless an appeal is applied for or taken.
“(b) The manner in which disputed claims before appeals tribunals shall be presented and the conduct of hearings and appeals before appeals tribunals shall be in accordance with regulations prescribed by the director for determining the rights of the parties.
“(c) The decision of an appeals tribunal shall become final 15 days after notice of such decision has been mailed, postage prepaid, to the claimant and other parties to the proceedings, at,the addresses furnished, or, if none shall have been furnished, at their last known addresses, unless within that time application be made to the board of appeals for permission to appeal to the board of appeals.”
(Emphasis added.) As this court has previously stated: “The pertinent statute regarding the procedure to appeal the decision of an appeals referee to the Board is Code 1975, § 25-4-92(c) ....” Haigler v. Department of Indus. Relations, 512 So.2d 113, 114 (Ala. Civ. App. 1987). Section 25-4-94, Ala. Code 1975, governs the board of appeals, which may hear challenges to the decision of the hearing officer or, in the words of the statute, the “appeals tribunal.” That statute provides, in pertinent part:
“(a) The board of appeals for the Department of Industrial Relations, created by Section 25-2-12, may, on its own motion at any time before a decision of an appeals tribunal becomes final, affirm, modify, or set aside any such decision on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any party in interest to initiate an appeal to it. The board of appeals may remove to itself or transfer to an *187 other appeals tribunal the proceedings on any claim pending before an appeals tribunal. The board of appeals shall promptly notify in writing the parties to any proceedings of its findings and decision, together with the reasons therefor.
“(b) Unless the application for appeal described in subsection (c) of Section 25-4-92 is granted by the board of appeals within 10 days after its filing with it, the applicant may, within the following 10 days, take an appeal from the decision of the appeals tribunal to the circuit court of the county of the residence of the claimant.”
§ 25-4-94(a) and (b), Ala. Code 1975 (emphasis added). Section 25-4-95, Ala. Code 1975, in turn governs appeals from decisions of the board of appeals to the circuit court for judicial review.
We conclude that, when the statutes are read in para materia, the time in which an application to appeal a decision of the hearing officer, i.e., the appeals tribunal, to the board of appeals must be within 15 days of when the notice of the hearing officer’s decision has been mailed. § 25-4-92(c). See also Haigler, supra.
We also find Smith’s assertion on appeal that the administrative rule and the statutes governing this matter are in conflict with ADOL regulations to be without merit. ADOL’s administrative code states: “A person applying for leave to appeal to the Board of Appeals from a decision of a hearing officer shall file the same within 15 days after notice of such decision shall have been mailed.” Rule 480-1-3-02(1), Ala. Admin. Code (ADOL). The time given to file an application to appeal as stated in the record is in accord with the time set forth in § 25^-92(c) and Rule 480-1-3-.02(1).
Moreover, even if § 25-4-91(d)(l) could be construed as being applicable in this case, in Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala. Civ. App. 1983), this court, in dictum, rejected the rationale Smith is attempting to apply in support of her contention that she had seven days from the date she said she received the hearing officer’s decision in which to appeal. In Olsen, this court wrote:
“The legislature provided in •§ 25-4-91 that an interested party has seven days from the delivery of notice within which to appeal. It further provided that where notice is mailed, the interested party has fifteen days to appeal. It appears to this court that the extra days are allowed when the mail is used in order to give the interested party sufficient time to receive the notice of determination and perfect an appeal.”
441 So.2d at 974. Thus, we disagree with Smith’s reading of § 25-4-91(d)(l) that she had until the later of 7 days from the date she received the hearing officer’s decision, that is, the date it was “delivered” to her through the mail, or 15 days from the date the hearing officer’s decision was mailed in which to file her appeal.
The evidence is undisputed that the hearing officer mailed his decision to the parties on December 15, 2015. Pursuant to § 25-4-92(c), Rule 480-l-3-.02(l), and the language contained in the hearing officer’s decision itself, Smith had until Wednesday, December 30, 2015, to file her application to appeal the decision to the board of appeals. She failed to meet the deadline.
In Haigler, 512 So.2d at 114-15, this court wrote:
“The Department contends that the notice of appeal was not timely filed because it was not received by the Board within fifteen days after the decision of the appeals referee. We find meritorious the Department’s argument that the appeal procedure in this case is exclusive and Alabama’s unemployment compen *188 sation law does not contato a good cause exception based upon equity. Code 1975, § 25-4-96, provides:
“’The procedure provided in this article for the making of determinations with respect to claims for unemployment compensation benefits and for appealing from such determinations shall be exclusive.’ ”
Because Smith’s application to the board of appeals to appeal the hearing officer’s decision was untimely, the board of appeals did not have authority to consider her appeal. Consequently, the circuit court did not have authority to consider Smith’s appeal of the board of appeals’ decision, and it properly dismissed the appeal. State Dep’t of Labor v. Grayson, 141 So.3d 1081, 1083 (Ala. Civ. App. 2013).
For the reasons set forth above, the judgment of the circuit court dismissing Smith’s appeal from the decision of the board of appeals is affirmed. .
AFFIRMED.
Pittman, Thomas, Moore, and Donaldson, JJ'., concur.

. In her brief on appeal, Smith states: "The parties agree that Ms, Smith received the Decision on Saturday, January 2, 2016.” However, in their briefs to this court, ADOL *185 and the city state that they do not agree with Smith's statement, adding that they do .not know when she “actually put her hands on the Decision, nor is such information relevant for purposes of this appeal and in applying the applicable statutory law.” (The briefs submitted by ADOL and by the city are identical.) We have found no evidence in the record indicating that ADOL or the city agreed that Smith received the hearing officer's decision on January 2, 2016.