MOORE, Judge.
The Alabama Department of Labor (“the department”), formerly known as the Alabama Department of Industrial Relations,[1] appeals from a judgment of the Jefferson Circuit Court (“the circuit court”) remanding to the department for its consideration the claim for unemployment-compensation benefits filed by Ric-kell Grayson. We reverse.
The evidence submitted to the circuit court indicates that Grayson filed a claim for unemployment-compensation benefits with the department’s unemployment-compensation agency. That claim was denied, and a notice of determination reflecting that denial was mailed to Grayson on June 25, 2012. Grayson purported to appeal the denial of her claim to the hearings and appeals division of the department by mailing her notice of appeal; that notice was not received by the hearings and appeals division of the department until July 12, 2012. The hearings and appeals division determined that, because the notice of appeal was received more than 15 days after the notice of determination was mailed to Grayson, the appeal had been untimely filed and, thus, the determination denying Grayson’s claim was final. Grayson filed *1082 an application to appeal to the department’s board of appeals, which disallowed the appeal. Thereafter, Grayson appealed to the circuit court.
The department moved the circuit court to dismiss Grayson’s appeal; that motion was denied. Thereafter, on November 30, 2012, the circuit court entered an order stating, in pertinent part:
“In this case, the undisputed evidence is that the plaintiff, Rickell Grayson, mailed her notice of appeal [to the hearings and appeals division of the department] from the denial of unemployment compensation benefits the day before the filing deadline. She was assured by the post office that she would have next day delivery. The defendant, The Alabama Department of Industrial Relations (now known as the Alabama Department of Labor) moved to dismiss the appeal, claiming that it was filed ... late.
“Under these facts, the Court found that it would violate the fundamental beneficent purpose of the Act as well as basic principles of equity and fairness to deny the plaintiff a hearing on the merits. As a result, the Court denied the Motion to Dismiss and set the case for trial.”
On December 19, 2012, the circuit court entered a judgment stating:
“This unemployment compensation appeal is hereby remanded to the Alabama Department of Labor, formerly known as the Alabama Department of Industrial Relations, for their administrative consideration of the plaintiffs claim for unemployment compensation benefits.
“This is a final judgment in this case. Costs are remitted.”
The department filed its notice of appeal to this court on January 29, 2013.
On appeal, the department argues that the circuit court erred in denying its motion to dismiss and in remanding Grayson’s claim for unemployment-compensation benefits to the department because, it says, Grayson’s initial appeal to the hearing and appeals division of the department was untimely filed. We agree.
Section 25 — 4—91(d)(1), Ala.Code 1975, provides, in pertinent part:
“Unless any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final.”
In Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App.1983), this court held that the mailing of a notice of appeal within the statutory period for taking an appeal following the denial of a claim for unemployment-compensation benefits did not satisfy the requirement for filing the notice of appeal; instead, this court held that the notice of appeal must actually be received by the department within the period allowed. Further, in Burgess v. State Department of Industrial Relations, 637 So.2d 1366, 1368 (Ala.Civ.App.1994), this court explained:
“It is well settled that an appeal is not a matter of vested right but is by the grace of statute and must be perfected pursuant to the time and manner prescribed in the controlling statute. Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). The appeal must be dismissed if the requirements of the controlling statute are not met. Moutry, 359 So.2d 388.
[[Image here]]
“This court has previously held that the controlling statutes in unemployment compensation cases require the timely filing of a notice of appeal. *1083 Davis v. Alabama Dep’t of Industrial Relations, 641 So.2d 810 (Ala.Civ.App.1994); Haigler v. Dep’t of Industrial Relations, 512 So.2d 113 (Ala.Civ.App.1987). A document has not been filed until it has actually been received; mere mailing is not enough. Moutry, 359 So.2d 388.
“This court recognized that this might seem to be a harsh result and stated the following in Haigler, 512 So.2d at 115:
“ ‘Though the result may seem somewhat harsh and unemployment compensation law is to be construed liberally, the courts are not authorized to extend a time period that is statutorily mandated where the procedure is exclusive.’ ”
In the present case, Grayson’s initial appeal to the hearing and appeals division of the department was received on July 12, 2012, 17 days after the notice of determination was mailed to Grayson on June 25, 2012, and, thus, was filed outside the statutory period set forth in § 25 — 4—91(d)(1). The circuit court therefore erred in denying the department’s motion to dismiss and in remanding the case to the department. Accordingly, we reverse the circuit court’s judgment and remand this cause with instructions for the circuit court to dismiss Grayson’s appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. See § 25-2-1.1(a), Ala.Code 1975 (“All powers, duties, and functions and all related records, property, equipment of, employees of, and all contractual rights, obligations of, and unexpended balances of appropriations and other funds or allocations of the Department of Labor shall be transferred to the Department of Industrial Relations which shall be renamed the Department of Labor on October 1, 2012.").