THOMAS, Judge.
Kevin Dwayne Allison (“the husband”), and Christy Michelle Helms (“the wife”) were married in July 2010. In April 2013, the husband began serving a 20-year sentence in the penitentiary. On September 16, 2016, he filed a verified complaint in the Marshall Circuit Court in which he sought a divorce from the wife. The complaint stated that the wife was a resident of Marshall County, that the husband had been a resident of the state for the six months preceding the complaint, and that neither party was a member of the armed services. The husband stated as grounds for the divorce incompatibility, see Ala. Code 1975, § 30—2—1(a)(7), and his incarceration. See Ala. Code 1975, § 30-2-1(a)(4) (providing that “[i]mprisonment in the penitentiary of this or any other, state for two years, the sentence being for seven years or longer,” is a ground for divorce).
When he filed his complaint, the husband included a second copy of the complaint,, an unsigned copy of an answer and waiver that he had prepared for the wife to sign, and a proposed divorce judgment. He requested that the wife be served, but the record does not reflect that service was attempted or. perfected. Instead, the trial court entered an order on September 19, 2016, which stated, in its entirety, as follows:
“FINAL ORDER OF DIVORCE filed by ALLISON KEVIN DWAYNE is hereby DENIED.
“The pleadings are inadequate and incomplete. The parties are highly encouraged to seek legal advice.”
(Capitalization in original.)’
The husband filed a notice of appeal on September 30, 2016. He challenges what he characterizes as the trial court’s dismissal of his divorce complaint, Because the trial court did not dismiss the husband’s divorce complaint, we dismiss the appeal.
The trial court apparently thought that the husband was seeking to have the proposed divorce judgment entered immediately as a judgment in an uncontested-divorce proceeding. We presume that the trial court entered the September 30, 2016, order properly refusing to enter the divorce judgment because the wife had not filed a signed answer and waiver and because the required 30-day waiting period had not expired. See Ala. Code 1975, § 30-2-8.1(a) (“A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.”). However, based on the language of the September 30, 2016, order, we conclude that it does not' dismiss the action.
An appeal generally lies only from a final judgment. “A ‘final judgment’ is a terminal decision which,demonstrates there has been complete adjudication of all *406 matters in controversy between the litigants.” Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala. Civ. App. 1986). The trial court did not dismiss the husband’s divorce complaint; instead, the trial court refused to enter a premature divorce judgment. The husband’s divorce action remains pending in the trial court, and the action shall proceed to judgment once service on the wife is perfected. We therefore dismiss the husband’s appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.