THOMAS, Judge.
This is the second time that Kevin Dwayne Allison, Jr. ("the husband"), has appeared before this court to challenge an order of the Marshall Circuit Court ("the trial court") in the husband's divorce action against Christy Michelle Helms ("the wife"). See Allison v. Helms, 230 So.3d 404 (Ala. Civ. App. 2017). In Allison, the husband appealed a September 19, 2016, order of the trial court that stated:
" 'FINAL ORDER OF DIVORCE filed by ALLISON KEVIN DWAYNE is hereby DENIED.
"The pleadings are inadequate and incomplete. The parties are highly encouraged to seek legal advice.' "
230 So.3d at 404. The husband had construed the order to be an order dismissing his divorce action. Id. However, we determined that the trial court's September 19, 2016, order denying the husband a "final order of divorce" had not dismissed the action but instead had indicated that the action was not ripe for the entry of a judgment, "because the wife had not filed a signed answer and waiver and because the required 30-day waiting period had not expired." 230 So.3d at 405 (citing Ala. Code 1975, § 30-2-8.1(a) ("A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.")). We dismissed the husband's appeal, stating in our concluding paragraph that "[t]he husband's divorce action remains pending in the trial court, and the action shall proceed to judgment once service on the wife is perfected." 230 So.3d at 406.
On or about March 16, 2017, the husband filed in the trial court a motion to *1262 compel service of the divorce complaint on the wife. The trial court denied the husband's motion on March 20, 2017. On April 3, 2017, the husband timely filed this petition for the writ of mandamus seeking review of the trial court's March 20, 2017, order. We called for an answer to the petition, but none was filed. Thus, we take the averments of fact in the husband's petition as true. See Ex parte Turner, 840 So.2d 132, 135 (Ala. 2002).
" 'A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is "appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).'
" Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005). 'Mandamus will be granted only where an abuse of discretion is shown.' Ex parte McMahan, 507 So.2d 492, 493 (Ala. 1987)."
Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006).
Rule 4(a)(1), Ala. R. Civ. P., provides that, after a complaint is filed, "the clerk shall forthwith issue the required summons or other process for service upon each defendant." The issuance of a summons is a ministerial duty of the clerk. Lucas v. Belcher, 20 Ala.App. 507, 509, 103 So. 909, 911 (1925) (stating that "issuing the summons in this case was a ministerial duty imposed upon ... the circuit clerk"). Furthermore, our supreme court has indicated that the failure of the clerk to promptly issue a summons is neglect. Horn v. Pope, 205 Ala. 127, 129, 87 So. 161, 163 (1920) (declining to charge the plaintiff with "the neglect of the clerk in not promptly issuing a summons after [the plaintiff] had filed his complaint").
We noted in Allison that the record did not reflect that the wife had been served with the divorce complaint. 230 So.3d at 405-06. The husband avers that the divorce complaint has still not been served on the wife, and the attachments to the husband's petition demonstrate that the trial court has now denied his request that the circuit clerk proceed with service of process on the wife. Nothing in the record in the previous appeal revealed a basis for the failure of the clerk to serve the divorce complaint on the wife.[1]
The husband has demonstrated a clear legal right to have his divorce complaint served on the wife. We therefore grant the husband's petition, and we order the trial court to instruct the clerk to serve the divorce complaint on the wife.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Donaldson, J., concurs specially.
DONALDSON, Judge, concurring specially.
The record shows that Kevin Dwayne Allison, Jr., submitted a summons and complaint to the trial-court clerk to commence *1263 a civil action and requested service upon Christy Michelle Helms, the defendant, by certified mail. "When the plaintiff has requested the clerk to issue service by certified mail, the plaintiff, at the request of the clerk, shall also furnish properly completed postal forms necessary for such service." Rule 4(a)(5), Ala. R. Civ. P. (emphasis added). Although I do not find in the materials before us or in the record in the previous appeal any of the postal forms required to obtain service upon Helms by certified mail pursuant to Rule 4(i)(2), Ala. R. Civ. P., I also do not find any indication that the trial-court clerk has requested that Allison furnish any forms as required by Rule 4(a)(5), Ala. R. Civ. P. Therefore, Allison is entitled to the writ of mandamus directing the trial-court clerk to proceed with processing the summons and complaint for service by certified mail as requested by Allison and as required by Rule 4(i)(2), Ala. R. Civ. P., and, if any further forms are necessary, the trial-clerk may request those forms from Allison. See Rule 4(a)(5), Ala. R. Civ. P.

" ' "This court takes judicial notice or has judicial knowledge of contents of its records with reference to its previous consideration of litigation presently before it." ' " Veteto v. Swanson Servs. Corp., 886 So.2d 756, 764 n.1 (Ala. 2003) (quoting Morrow v. Gibson, 827 So.2d 756, 762 (Ala. 2002), quoting in turn Federal Deposit Ins. Corp. v. Equitable Life Assurance Soc'y, 289 Ala. 192, 194, 266 So.2d 752, 753 (1972) ).