PITTMAN, Judge.
On February 14, 2018, pursuant to Rule 21(a), Ala. R. App. P., the Alabama Department of Labor ("the Department") timely filed a petition for the writ of mandamus in this court seeking review of an order of the Bibb Circuit Court entered on February 4, 2018, denying the Department's motion to dismiss an appeal to that court taken by Ella M. Chism ("the employee"), who had sought an award of unemployment-compensation benefits under Ala. Code 1975, § 25-4-1 et seq. On February 15, 2018, pursuant to Rule 21(b), Ala. R. App. P., this court called for answers to the petition to be filed, but none was received from the respondent trial-court judge or the respondent employee. Therefore, in assessing the merits of the Department's petition, this court will "take the averments of fact in the ... petition as true." Ex parte Allison, 238 So.3d 1260, 1262 (Ala. Civ. App. 2017) (citing Ex parte Turner, 840 So.2d 132, 135 (Ala. 2002) ).
The attachments to the petition indicate that, on May 7, 2017, the employee was discharged from her employment for having failed to perform her assigned job responsibilities after a previous warning. After the employee had applied for an award of unemployment-compensation benefits, an examiner employed by the Department determined that the employee's misconduct disqualified her from receiving the requested benefits under Ala. Code 1975, § 25-4-78(3) b. The Department's "Notice of Determination" was mailed to the employee on June 2, 2017, as evidenced by the "DATE MAILED" set forth in the notice, and the notice contained the following pertinent information regarding the employee's right to review of that determination:
"RIGHT TO APPEAL: You have the right to appeal this determination; however, your appeal rights end 15 calendar days from the date of this notice if mailed or 7 days if delivered (see DATE MAILED or DELIVERED above.) ... [A]ll appeals MUST be filed by a letter addressed to the Hearing and Appeals Division, 649 Monroe Street, Montgomery, AL. 36131, or by fax to 334-956-5891. The appeal must be received within the prescribed time whether filed by mail or fax. Should the last calendar day for filing an appeal fall on a Saturday, Sunday or state holiday or other office closing, the period is extended to the next business day."
*274 (Emphasis added.) The right-to-appeal advisory in the notice stems from the pertinent provisions in Ala. Code 1975, § 25-4-91(d)(1), under which a determination by the Department regarding an applicant's entitlement to unemployment-compensation benefits is deemed "final" unless "any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision" (emphasis added). See also Ala. Code 1975, § 1-1-4 (providing that, if the last day for performing an act provided by law to be done is "a day on which the office in which the act must be done shall close," such as a Saturday, "the next succeeding secular or working day shall be counted as the last day within which the act may be done").
In response to the Department's notice of determination, the employee sent a letter to the Department bearing her name and Social Security number in which she stated that she "would like an appeal" because, she said, "[t]his is not right." The letter does not bear a date, although the envelope in which it was mailed to the Department bears a postmark date of June 21, 2017, and the filing stamp of the Department's Hearings and Appeals Division indicates that it was received on June 23, 2017. However, under §§ 25-4-91(d)(1) and 1-1-4, taken together, the final day on which the employee could have timely filed a notice of appeal from the Department's notice of determination was Monday, June 19, 2017, the first working day after Saturday, June 17, 2017, which was 15 calendar days after the date of mailing of the notice. On June 26, 2017, the Department's Hearings and Appeals Division notified the employee that it would hold a hearing limited solely to the issue of the timeliness of the employee's notice of appeal. The Hearings and Appeals Division conducted that hearing on July 7, 2017, at which the employee failed to appear in person or by telephone, and determined on that date that the decision of the Department's examiner "is final" and that the hearing officer was "without jurisdiction to decide the case on its merits." The employee timely filed an application for leave to appeal from that decision, but the Department's Board of Appeals denied that application on August 2, 2017, which denial became final 10 days thereafter. See Ala. Code 1975, § 25-4-94(d).
On September 11, 2017, 30 days after the date on which the ruling of the Board of Appeals became final, the employee filed a paper in the trial court stating that she was "writing ... to request a review of my files" and "to receive my unemployment compensation until I can find employment." That filing was treated by the trial court as a notice of appeal under Ala. Code 1975, § 25-4-95, pursuant to which any party to a proceeding in the Department's Board of Appeals involving an unemployment-compensation-benefits request "who claims to be aggrieved by the decision [of the Board of Appeals] may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant" within 30 days after the decision has become final. The Department responded to the employee's effort to seek judicial review by filing a motion to dismiss challenging the subject-matter jurisdiction of the trial court (see Rule 12(b)(1), Ala. R. Civ. P.), attaching copies of the employee's filings and the Department's records regarding her unemployment-compensation claim and contending that the employee's failure to seek administrative review within the time provided in § 25-4-91(d)(1) of the June 2, 2017, notice of determination barred her right to review. The trial court, as we have noted, entered an order denying *275 that motion, and the Department, within the presumptively reasonable time for seeking review of that order under Rule 21(a)(3), Ala. R. App. P., petitioned for a writ of mandamus.[1]
The Department contends that the trial court acted outside its discretion in declining to dismiss the employee's appeal, asserting that the June 2, 2017, notice of determination has become final and not subject to judicial review. Taking the facts stated in the Department's petition as true, and after reviewing Alabama Department of Labor v. Grayson, 141 So.3d 1081 (Ala. Civ. App 2013), one of the cases upon which the Department relies in its petition, we agree with the Department that the trial court was without jurisdiction to entertain the employee's appeal. In Grayson, the Department appealed from a final judgment of a circuit court reversing the decision of the Department's predecessor agency not to review, on timeliness grounds, its examiner's denial of a worker's claim for unemployment benefits, which judgment was entered after the circuit court had denied a motion to dismiss the worker's appeal.[2]
In reversing the circuit court's judgment, this court concluded in Grayson that reversal was mandated because the worker's initial appeal to the agency's hearing and appeals division had been received in that case "17 days after the notice of determination was mailed ... and, thus, was filed outside the statutory period set forth in § 25-4-91(d)(1)." 141 So.3d at 1083. Our conclusion was based upon several propositions developed in this court's previous decisions construing the statutory framework of unemployment-compensation appeals: (1) that the notice of appeal must actually be received by the Department within the period allowed, not merely mailed within that period; (2) that an appeal from an administrative decision regarding entitlement to unemployment-compensation benefits is not a matter of vested right but is, instead, taken by the grace of statute and must be perfected pursuant to the time and manner prescribed in the controlling statutes; (3) that such an appeal must be dismissed if the requirements of the controlling statutes are not met; and (4) that courts are not authorized to extend a period that is statutorily mandated where the procedure for taking an appeal is exclusive. 141 So.3d at 1082-83.
In this case, the notice of determination of the Department's examiner setting forth the employee's disqualification *276 from receiving unemployment-compensation benefits was mailed on June 2, 2017. Although both § 25-4-91(d)(1) and the notice itself provided that any appeal from the determination would be timely only if taken within 15 days of that mailing date, the employee did not mail a document seeking an appeal from that determination until June 21, 2017. Further, that document was not received by the Department's Hearings and Appeals Division until June 23, 2017, which date, under Grayson, constitutes the "filing date" of that document. On the authority of Grayson, we conclude that the trial court acted outside its discretion in denying the Department's motion to dismiss for lack of subject-matter jurisdiction, and we hereby direct the respondent trial-court judge to enter a judgment dismissing the employee's appeal.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

The Department, based upon the cover of its petition, also apparently contends that the mandamus petition should, alternatively, be deemed a "notice of appeal" from the trial court's order. That order, however, was not itself a final order or judgment that will support an appeal, and a petition for an extraordinary writ under Rule 21, Ala. R. App. P., is the proper vehicle to seek review thereof by an appellate court in the absence of a final judgment. See State ex rel. Thomas v. Mixon, 674 So.2d 611, 612 (Ala. Civ. App. 1995) ("The denial of a motion to dismiss is an interlocutory order."); see also Ex parte Director, Dep't of Indus. Relations, 595 So.2d 899, 900 (Ala. Civ. App. 1992) (issuing writ of mandamus to trial-court judge to dismiss untimely appeal in unemployment-compensation matter in response to petition filed by Department's predecessor agency challenging order denying motion to dismiss).

See Ala. Code 1975, § 6-8-101 (providing that a party may raise, among other defensive grounds, lack of subject-matter jurisdiction "and, losing thereon, proceed to litigate on the merits; and, losing on the merits, the party may appeal and, on appeal, attack the judgment both on the merits and on [the] ground[ ] ... urged below"); accord Rule 4(a)(1), Ala. R. App. P. ("On an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court.").